677 So.2d 929 (1996)
Jay CUNNINGHAM t/n Milford Pinckney, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2336.
District Court of Appeal of Florida, Fourth District.
July 17, 1996.
Rehearing Denied August 26, 1996.
*930 Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals the trial court's denial of his motion to vacate his plea prior to sentencing. We affirm the denial, finding no abuse of discretion by the trial court. We write to distinguish this court's recent decision in Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996).
Pursuant to a plea bargain, defendant pled guilty to charges of second-degree murder and robbery with a firearm. Following an extensive plea colloquy, the trial court accepted defendant's plea as intelligently and voluntarily given. Between the plea hearing and sentencing, defendant filed an unsworn motion to vacate his plea and have new counsel appointed, claiming ineffective assistance of counsel.
At a hearing on defendant's motion, the trial court conducted an inquiry into the basis for defendant's motion to discharge his court-appointed counsel pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). Defendant claimed that he had been given ineffective representation because his lawyer, advising him to accept a plea bargain, told him that it was "like you playing Russian Roulette with your life if you take it to trial." The trial court, finding no basis for defendant's claim of ineffective assistance of counsel, denied his motion to discharge counsel and vacate his plea.
In Roberts, we held that the trial court committed reversible error by denying the motion of Roberts' counsel to withdraw based on a conflict of interest under the facts of that case. Counsel for defendant here made no such motion to withdraw. Roberts should not be read to establish a per se rule requiring a trial court to appoint new counsel to argue a motion to withdraw a plea upon the mere filing of a motion to discharge trial counsel. Moreover, Roberts never reached the merits of whether the motion to withdraw the plea should have been granted and, therefore, cannot be controlling in this case on whether the trial court abused its discretion in denying defendant's motion to vacate his plea.
In Roberts, we found the particular factual circumstances of that case warranted the appointment of new counsel to argue the merits of the defendant's motion to withdraw his guilty plea. Prior to sentencing, defense counsel had filed a motion to withdraw on grounds that the attorney-client relationship was irretrievably broken. 670 So.2d at 1043. At sentencing, counsel informed the court that defendant wished to withdraw his guilty plea on the basis that he was misled or coerced by counsel. Roberts claimed inter alia that following his plea he learned that two defense witnesses, whom his lawyer had told him could not be found to testify at trial, were in fact available. Id.
In Roberts there were allegations concerning defense counsel's misconduct and coercive behavior. Instead of addressing the defense lawyer's pending motion to withdraw, the trial court conducted an inquiry into the merits of the motion to withdraw the plea. We reversed, concluding that defense counsel's motion to withdraw should have been granted. We specifically noted that a trial court is not compelled to grant a motion to withdraw simply because irreconcilable differences are alleged. Id. at 1044. In fact, we specifically stated that the case involved "more than just defendant's dissatisfaction with counsel's handling of his trial." Id.
In this case, the considerations which required reversal for a new hearing in Roberts do not exist. There was no motion to withdraw filed by defendant's counsel, nor would we expect such a motion to be routinely filed under these facts. Further, unlike *931 the factually-based claim of coercion in Roberts, defendant's motion for new counsel and to vacate his plea was based solely on unsworn, conclusory allegations of ineffective assistance of counsel. In fact, the record discloses that the trial court conducted an appropriate Nelson inquiry and found no basis for defendant's claim of ineffective assistance of counsel. See Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Johnston v. State, 497 So.2d 863 (Fla.1986). The plea colloquy conclusively refuted defendant's vague and conclusory allegations.
Thus, unlike Roberts, defendant's right to effective representation at a critical stage in the proceeding was not implicated and he was not entitled as a matter of right to new court-appointed counsel before the trial court could proceed to determine the merits of the motion to withdraw the plea.[1] We, therefore, affirm.
STONE, J., concurs.
SHAHOOD, J., concurs specially with opinion.
SHAHOOD, Judge, concurring specially.
I feel compelled to author a very brief concurring opinion to emphasize that, as in Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), I do not find that the trial court abused its discretion in denying appellant's motion to withdraw his plea. I agree with the majority that Roberts should not be read as establishing a per se rule requiring the trial court to appoint new counsel to argue a motion to withdraw a plea merely upon counsel's filing of a motion to withdraw or defendant's allegations of counsel's misconduct and coercive behavior. So long as the trial court is satisfied that the defendant will not be prejudiced, counsel should proceed with arguing defendant's motion to withdraw plea. Absent an abuse of discretion, the trial court's ruling in this regard should not be disturbed.
NOTES
[1] Parenthetically, we note that a preferable way to deal with a motion to discharge counsel and vacate plea based on complaints concerning counsel's performance would be to address the issues separately. The motion to discharge should be addressed first and if, following a Nelson inquiry, the motion is denied as insufficient, the defendant could then be given the option of either proceeding with current counsel, hiring his or her own lawyer, or representing himself or herself on the motion to vacate the plea.