765 So.2d 849 (2000)
Sandra Star FONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-29.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Sandra Star Fones timely appeals after a jury convicted her of arson of a dwelling. We affirm her conviction.
This case began after a couch sitting on top of a patio in front of a trailer caught afire. The fire eventually spread to the trailer and practically destroyed it. Fones, who was seen by the patio moments before the fire started and was at a nearby trailer when it started, was charged with arson of a dwelling.
During trial, the victim's next-door neighbor, Todd Gifford, testified that on the night in question he observed Fones move toward the victim's trailer and peer from side to side. He recounted that Fones then quickly left the area. A couple of minutes later, he saw flames coming off the couch in front of the subject trailer. He testified the fire spread to the trailer in less than five minutes. Another neighbor testified that on that night Fones was wearing flip flops and carrying a cigarette lighter.
Lt. Derek Fox, who had responded to the crime scene and examined the area, then testified. Based on the burn patterns *850 on the couch, he determined that the fire was started outside the trailer. Based on the speed of the fire, the amount of damage, and statements by Gifford, he opined that the fire was intentionally set with the use of a flammable substance.
The state then sought to introduce the testimony of Lt. Robert Vonbuelow, another officer who had responded to the crime scene with his accelerate detection canine in tow. Fones, objecting, argued that the state had not shown the dog's reliability where no predicate had been laid as to the reliability of the training performed on the dog. Lt. Vonbuelow proffered that the dog was trained in Maine to specifically identify the presence of flammable substances. He explained that the dog had participated in the investigation of over 200 fires, and had been between 80% and 90% correct overall. The court overruled Fones' objection and found that both the lieutenant and the dog were sufficiently qualified as experts in the field of accelerate detection.
Lt. Vonbuelow then recounted how he met with Lt. Fox as they perused the area without the dog in order to assess the damage. As did Lt. Fox, he also believed the fire was intentionally started outside based on the burn patterns on the couch. Before he brought the dog to the burned-out trailer, he surmised that accelerates were used. He arrived at that conclusion based on his own personal investigation and observations.
He testified that when he brought the dog to the immediate area of the fire, it sensed accelerates on the couch and on Fones' flip flops. Lt. Vonbuelow collected a sample from the couch. No accelerates were found on the sample.
The jury eventually convicted Fones as charged. She then brought this appeal.
Fones first argues the court erred in failing to conduct a hearing based on Frye v. U.S., 293 F. 1013 (D.C.Cir.1923), to determine whether Lt. Vonbuelow's testimony was based on a scientific principle that was sufficiently established to have gained general acceptance in the field of arson investigation. This is not a Frye issue, however, because the use of dogs to detect accelerates is not a new or novel scientific principle. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)(recognizing the use of trained dogs to detect the presence of controlled substances in luggage). Rather, the lieutenant's testimony was his pure opinion and, therefore, Frye does not apply. Hadden v. State, 690 So.2d 573, 580 (Fla.1997)(holding a jury may evaluate an expert's pure opinion testimony in the same way that it evaluates other opinion or factual testimony). Accordingly, we affirm on this issue.
We decline to address Fones' second issue concerning her counsel's alleged ineffective assistance in failing to have consulted with an expert in dog training. A claim of ineffective assistance of counsel may be raised for the first time on direct appeal only when the facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown. Gregory v. State, 588 So.2d 676 (Fla. 3d DCA 1991). None of these three instances applies.
AFFIRMED.
SHAHOOD, J., and GARDINER, ANA I., Associate Judge, concur.