793 So.2d 1112 (2001)
Robert L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-436.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
Maury Halperin, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
We reverse the trial court's summary denial of appellant's motion to withdraw plea and remand for a Nelson[1] hearing to determine whether appellant is entitled to the appointment of conflict-free counsel prior to addressing the merits of appellant's motion to withdraw.
Shortly after appellant entered a plea agreement admitting to a violation of his *1113 community control and was sentenced to thirty months in prison, defense counsel filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l). Appellant alleged that defense counsel was ineffective, and thus, his admission of guilt was "not voluntarily and knowingly entered into." On that same day, defense counsel moved to withdraw as counsel on the grounds that appellant moved to withdraw his plea based on ineffective assistance of counsel, that his plea was not knowingly and voluntarily entered into, that appellant was entitled to "conflict free counsel for purposes of addressing his motion to withdraw plea," that "an irreconcilable conflict of interest exists," and other grounds to be argued ore tenus. Neither motion was sworn.
The trial court summarily denied the motion to withdraw plea by entering a detailed Order Denying Defendant's Motion to Withdraw Plea. The court held that appellant's plea colloquy demonstrated that he knowingly, intelligently and voluntarily waived his rights prior to entering his guilty plea. Following the denial of appellant's motion to withdraw plea, the trial court granted defense counsel's motion to withdraw as attorney of record.
On appeal, appellant claims that the trial court erred in denying his motion to withdraw plea on the grounds that he was entitled to conflict-free counsel on his motion to withdraw plea and that the court should have ruled on defense counsel's motion to withdraw as attorney of record prior to addressing his motion.
A trial court's decision regarding withdrawal of a plea will generally not be disturbed on appeal absent a showing of abuse of discretion. See State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999).
A criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him. See Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999). A motion to withdraw plea filed pursuant to rule 3.170(l), Florida Rules of Criminal Procedure, is considered a critical stage in the direct criminal proceeding against a defendant at which the accused must be entitled to effective assistance of counsel. See id. at 73.
In remanding this matter for a Nelson inquiry, we rely upon our decision in Cunningham v. State, 677 So.2d 929 (Fla. 4th DCA 1996). In Cunningham, the defendant filed an unsworn, conclusory motion, where he sought to withdraw his plea and to have new counsel appointed, claiming ineffective assistance of counsel. The trial court conducted a Nelson inquiry at which the defendant alleged the representation was inadequate "because his lawyer, advising him to accept a plea bargain, told him that it was `like you playing Russian Roulette with your life if you take it to trial.'" Id. at 930. The trial court found no basis for the claim of ineffective assistance of counsel, and, then, denied Cunningham's motion to discharge counsel and to vacate his plea. See id. Because the trial court found no basis to Cunningham's ineffective assistance of counsel claim, there was no reason to appoint new counsel. The Cunningham court held that unlike Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), where the trial court erred by denying Roberts' counsel's motion to withdraw based on a conflict of interest involving a claim of coercion, Cunningham's right to effective representation at a critical state in the proceeding was not implicated, and thus, he was not entitled, as a matter of right to new court-appointed counsel before the trial court could proceed to determine the merits of the motion to withdraw plea. See id. at 931.
As in Cunningham, this case involves an unsworn, conclusory motion to withdraw plea, seeking conflict-free counsel based on a claim of ineffective assistance of counsel. However, the unsworn *1114 motion was drafted by the very attorney appellant alleged was ineffective.
Unlike Cunningham, the trial court in this case did not first conduct a Nelson inquiry into the basis for appellant's motion to discharge counsel. This was error. Instead, the court summarily denied the motion and entered an order finding that the extensive plea colloquy demonstrated that appellant knowingly, intelligently and voluntarily waived his rights when entering his plea. In cases where dissatisfaction with counsel is based on allegations of incompetency, a trial court is obligated to examine the defendant's reasons in support of his motion to discharge counsel and the grounds behind counsel's motion to withdraw. See Roberts, 670 So.2d at 1044. Accordingly, we remand this matter with directions for the trial court to conduct a Nelson inquiry to examine appellant's claims of ineffective assistance of counsel and determine whether the appointment of conflict-free counsel is necessary. If new counsel is required, then the court shall conduct a hearing to address the merits of appellant's motion to withdraw plea.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).