818 So.2d 567 (2002)
Donald HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4112.
District Court of Appeal of Florida, Second District.
March 8, 2002.
Rehearing Denied April 16, 2002.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Donald Harris appeals his judgment and sentence for sale of a counterfeit drug and petit theft. He argues that the trial court committed fundamental error by denying his motion to withdraw plea without permitting Harris to attend a hearing in person on that motion. We affirm.
On May 17, 2000, Harris entered a change of plea in open court based on a *568 written, negotiated plea agreement. He pleaded no contest in exchange for a sentence of 24.15 months' imprisonment, conditioned on his appearance for sentencing at a scheduled date. He acknowledged that if he failed to appear he could receive a sentence of up to five years and sixty days. The trial court accepted Harris's plea after emphasizing the consequences of a failure to appear. Harris failed to appear and was later arrested. On July 28, 2000, he was sentenced to thirty months' imprisonment.
On August 16, 2000, Harris, through counsel, filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(f). The motion is facially insufficient. Rule 3.170(f) permits a motion to withdraw plea to be filed prior to sentencing. It does not authorize any motion after sentencing. We note that rule 3.170(l) authorizes counsel to file a motion to withdraw plea within thirty days after rendition of the sentence. This rule, however, limits the motion to those grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A).[1] Harris's motion alleged only that he "did not fully understand the sentence." This minimal allegation is not a ground permitting relief under rule 3.170(l). Thus, the trial court could have denied this motion without a hearing because it was facially insufficient.
Nevertheless, on the morning of August 23, 2000, the trial court conducted a hearing on the motion. Harris was not present, and his attorney acknowledged that Harris had already been transported to prison. Harris's attorney asserted that Harris did not understand the sentence because Harris did not agree to a state prison sentence. After hearing argument by Harris's attorney and the State as to the information shown by the record of the plea hearing and the plea form, the trial court summarily denied the motion.
Harris argues that he had a right to be present at the hearing on the motion filed by his attorney and that the trial court committed fundamental error by proceeding in his absence. We recognize that a motion pursuant to rule 3.170(l) has been treated as a critical stage of proceedings in the trial court for which the defendant is entitled to counsel. See Padgett v. State, 743 So.2d 70, 72-73 (Fla. 4th DCA 1999). We conclude that, at least when the motion is facially insufficient and the trial court has no need to conduct an evidentiary hearing, the defendant need not be present when the motion is summarily denied. We leave for another day the question of whether the defendant may be entitled to be present for the resolution of a facially sufficient motion. Harris also argues for the first time on appeal that he was entitled to conflict-free counsel at the hearing on the motion to withdraw plea. We decline to address this issue because it was not raised in the trial court and the facts giving rise to the claim do not appear on the face of the record. See Stone v. State, 798 So.2d 861, 863 (Fla. 4th DCA 2001); Fones v. State, 765 So.2d 849, 850 (Fla. 4th DCA 2000).
Finally, we note that Harris filed a pro se motion to withdraw his plea on the afternoon of August 23, 2000, while he was represented by counsel. The record does not reflect that the trial court considered this pro se motion, and it is unlikely that the trial court was aware of its existence. Because Harris was represented by counsel when he filed the pro se motion, the motion could properly be treated as a *569 nullity. See Boldon v. State, 740 So.2d 15, 16 (Fla. 1st DCA 1999); Salser v. State, 582 So.2d 12, 14-15 (Fla. 5th DCA 1991). Moreover, the pro se motion does not specify the rule under which it is filed. It is facially insufficient under both rule 3.170(l) and rule 3.850, Florida Rules of Criminal Procedure, and provides no basis for reversal.
We affirm the order denying the motion to withdraw plea filed by Harris's attorney. Our decision is without prejudice to Harris's filing a timely, legally sufficient motion pursuant to rule 3.850 on the basis of ineffective assistance of counsel. Such a motion will not be considered successive. See Wright v. State, 741 So.2d 1146, 1147 (Fla. 2d DCA 1999); Wallace v. State, 463 So.2d 467, 468 (Fla. 2d DCA 1985).
Affirmed.
ALTENBERND and FULMER, JJ., Concurs.
NOTES
[1] On its face, rule 3.170(l) refers to the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v). This is a scrivener's error that failed to reflect a change in the numbering of rule 9.140(b).