835 So.2d 402 (2003)
Miles Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4342.
District Court of Appeal of Florida, Second District.
January 31, 2003.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
EDWARD F. THREADGILL, Senior Judge.
Miles Brown appeals from the trial court's denial of his motion to withdraw plea after sentencing. We reverse and remand for a new hearing with conflict-free counsel.
*403 On September 12, 2001, Brown filed a pro se motion to withdraw plea within thirty days of sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l). On the next day, defense counsel filed a motion to withdraw plea, stating that Brown would support the motion by his attached letter and orally in court. On September 18, 2001, Brown filed a motion to dismiss his attorney, alleging a conflict of interest. A hearing was held on the motion to withdraw plea on September 20, 2001. Defense counsel told the court that Brown had filed the motion to withdraw his plea and that Brown could explain the motion and "a motion to dismiss me." The trial court clearly considered Brown unrepresented at the hearing.
The trial court then asked Brown to tell him why he wanted his plea set aside. Brown answered, "I had no idea what was going on. I didn't know that I was going to be pleading out to actually doing the time." The trial court proceeded to quote from the transcript of the plea colloquy and then denied the motion to withdraw plea.
On appeal, Brown contends that he was entitled to conflict-free counsel at the hearing on his motion to withdraw his plea. A motion to withdraw a plea pursuant to rule 3.170(2) is a "critical stage in the direct criminal proceeding" at which the defendant is entitled to effective assistance of counsel. Padgett v. State, 743 So.2d 70, 72-73 (Fla. 4th DCA 1999); see Harris v. State, 818 So.2d 567 (Fla. 2d DCA 2002). Among the permissible grounds for a motion to withdraw a plea is an involuntary plea. See Fla. R.Crim. P. 3.170(l); Fla. R.App. P. 9.140(b)(2)(A)(ii)(c); see also Harris, 818 So.2d at 568 n. 1. Here, Brown's motion alleged that he did not fully understand the nature and extent of his plea, that he was threatened or coerced into pleading by his trial attorney, and that his trial attorney admitted to "knowing/having a degree of affiliation" with the victim. He also sought to dismiss his attorney for a conflict of interest, alleging the affiliation with the victim. We note that Brown's allegations are more detailed than the insufficient allegation in Harris that the defendant "did not fully understand the sentence." Harris, 818 So.2d at 568.
The State relies upon Harris in stating that Brown cannot raise the right to conflict-free counsel for the first time on appeal. In Harris, however, it appears that Harris did not express any dissatisfaction with his attorney in the trial court. Here, Brown sought to dismiss his attorney in the trial court; based on an alleged conflict of interest and alleged that his attorney coerced him into entering his plea. "Where a defendant seeks to withdraw his plea on the ground that it was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same and, then, conduct an evidentiary hearing on the motion to withdraw plea." Lingenfelser v. State, 734 So.2d 472, 472-73 (Fla. 4th DCA 1999). Therefore, we reverse the denial of Brown's motion to withdraw plea and remand for a hearing in which Brown is afforded conflict-free counsel.
Reversed and remanded.
CASANUEVA and SALCINES, JJ, Concur.