THREADGILL, EDWARD F., Senior Judge.
Delmar Hampton challenges the trial court’s denial of his motion to withdraw his no contest plea. Hampton was originally charged with sexual battery, possession of *1249 marijuana, and possession of paraphernalia. He was permitted to plead no contest to lesser included offenses and was sentenced to a total of eight years’ probation. We reverse and remand for further proceedings.
Hampton filed his motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(Z), which allows a defendant who has pleaded guilty or nolo contendere to appeal an involuntary plea if preserved by a motion to withdraw plea. Although Hampton raises two issues on appeal, one is disposi-tive. Hampton argues that the trial court’s refusal to appoint counsel to assist him in preparation of his motion to withdraw plea denied him his Sixth Amendment right to counsel. We agree. A motion to withdraw plea is a critical stage of a criminal proceeding at which an indigent defendant is entitled to court-appointed counsel. Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999).
Although Hampton was technically still represented by counsel and the court could have refused to consider his motion on that basis, see Harris v. State, 818 So.2d 567 (Fla. 2d DCA 2002), the court nevertheless proceeded to consider and rule on Hampton’s motion without questioning him or his counsel regarding Hampton’s representation. The court denied Hampton’s motion without providing him assistance of counsel or an evidentiary hearing. This was per se reversible error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824,17 L.Ed.2d 705 (1967).
Citing Cunningham v. State, 677 So.2d 929 (Fla. 4th DCA 1996), the State argues that Hampton was not entitled to counsel because Hampton merely had a conflict with his counsel. However, as the court observes in Padgett, 743 So.2d at 73-74, Cunningham is factually distinguishable. In Cunningham, there was no factual dispute regarding counsel’s allegedly coercive behavior that occurred in private and off the record. By contrast, Hampton alleged in his pro se motion to withdraw plea that his trial counsel had “lied to” and “deceived” him, inducing him to enter the plea. This type of conflict requires the appointment of counsel. See Padgett, 743 So.2d at 73-74.
We reverse and remand the judgment and sentence with directions to allow Hampton to file a new motion to withdraw his plea with the assistance of counsel.
FULMER and CASANUEVA, JJ., Concur.