PER CURIAM.
Appellant pled guilty to violation of probation and was sentenced to ninety days time served. The plea resulted in a felony conviction. Thereafter, appellant filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(Z). Appellant alleged that his public defender coerced him into entering the plea and failed to advise him that his plea *807 would result in a felony conviction. These allegations were disputed by the lawyer.
At the hearing on appellant’s motion to withdraw, the trial court denied repeated requests by the assistant public defender to appoint conflict-free counsel for appellant. This was error. See Bullard v. State, 887 So.2d 1125 (Fla. 4th DCA 2003) and cases cited therein; see also Brown v. State, 835 So.2d 402 (Fla. 2d DCA 2003). We therefore reverse and remand for the trial court to appoint conflict-free counsel to represent appellant on his motion to withdraw the plea and to hold a new evi-dentiary hearing on said motion.
REVERSED and REMANDED.
POLEN, C.J., GUNTHER and TAYLOR, JJ., concur.