846 So.2d 660 (2003)
Carlos M. GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3230.
District Court of Appeal of Florida, Second District.
June 4, 2003.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Carlos Garcia appeals from the order denying his motion to withdraw his guilty plea. He argues that the trial court erred in denying the motion without his presence at an evidentiary hearing and by failing to appoint a conflict-free attorney to represent him during the hearing on his motion. We agree and reverse.
Garcia wrote a letter to the trial court asking to withdraw his plea, alleging that his trial counsel misled him into entering *661 his guilty plea. Garcia was represented by counsel at the time he wrote the letter. The trial court treated the letter as a motion to withdraw a plea and questioned Garcia's trial counsel as to the circumstances of the plea. Garcia was not present at this informal hearing, nor was he represented by independent counsel. After trial counsel explained that he could not conceive of how he could have misled Garcia, the trial court summarily denied the motion.
Florida Rule of Criminal Procedure 3.170(l) allows a defendant to challenge the entry of his plea within thirty days after sentencing on the grounds stated in Florida Rule of Appellate Procedure 9.140(b)(2)(A). One of the permissible grounds is that the plea was involuntary. Fla. R.App. P. 9.140(b)(2)(A)(ii)(c); Brown v. State, 835 So.2d 402 (Fla. 2d DCA 2003). Garcia's allegation that he was misled by his court-appointed attorney into entering the plea can be construed as a challenge to the voluntariness of the plea. See Ricardo v. State, 647 So.2d 287 (Fla. 2d DCA 1994) (holding that a defendant may withdraw his plea if he was misled and induced to plead by his counsel's mistaken advice). Thus, Garcia's motion was facially sufficient to warrant a hearing. Because a motion pursuant to rule 3.170 has been treated as a critical stage of proceedings in the trial court, Garcia was entitled to be present at the hearing and to have counsel represent him. See Miller v. State, 838 So.2d 1213 (Fla. 2d DCA 2003) (holding that a defendant is entitled to conflict-free counsel to advise and assist with motions filed under rule 3.170(l)); Sanders v. State, 787 So.2d 264 (Fla. 2d DCA 2001) (stating that a defendant is entitled to be present at every critical stage of the proceedings).
The State argues that the holding in Harris v. State, 818 So.2d 567 (Fla. 2d DCA), review denied, 835 So.2d 266 (Fla. 2002), requires affirmance in this case. In Harris, this court held that Harris's allegation that he "did not fully understand the sentence" was insufficient to sustain a motion under rule 3.170(l); therefore, the trial court was not required to conduct an evidentiary hearing on the motion with Harris present and represented by conflict-free counsel. However, Harris is distinguishable. Harris's minimal allegation was not a valid ground under rule 3.170(l). Further, at the hearing on the motion, Harris's counsel continued to represent Harris in the matter and never took a position adverse to Harris's interest. In addition, the court in Harris never conducted an evidentiary hearing on the motion.
In this case, the trial court took testimony from Garcia's trial counsel (although it was unsworn), and counsel's position was adverse to Garcia's. Once it became clear that Garcia and his counsel had adversarial positions concerning what actually happened while counsel was advising Garcia concerning the plea, Garcia was entitled to conflict-free counsel. See Gunn v. State, 841 So.2d 629 (Fla. 2d DCA 2003); Jones v. State, 827 So.2d 1086 (Fla. 1st DCA 2002); Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999). The denial of the constitutional right to assistance of counsel can never be treated as harmless error. Jones, 827 So.2d at 1087.
Accordingly, we reverse and remand for a new hearing on the motion to withdraw plea at which Garcia is to be present, unless he waives his presence, and he must be represented by conflict-free counsel.
Reversed.
SALCINES and CANADY, JJ., Concur.