NORTHCUTT, Judge.
Following the hearing at which the circuit court accepted Severino Ramos’s open plea of no contest to three criminal charges, Ramos timely filed pro se motions to withdraw his plea and to dismiss his court-appointed counsel. At the hearing on the motions, Ramos’s counsel did not advance Ramos’s position. Rather, in open court he disputed the factual allegations on which the motion to withdraw the plea was founded. The court denied the motion, explaining that it could not permit Ramos to withdraw his plea unless there had been an irregularity in the plea hearing. The court did not rule on Ramos’s motion to dismiss his counsel at that time, but it later permitted the attorney to withdraw and appointed new counsel for sentencing. Ramos was eventually sentenced to three twelve-year prison terms as a habitual felony offender, to be served concurrently.
We reverse with directions to hold an evidentiary hearing on Ramos’s motion to withdraw his plea, for the purposes of which Ramos shall be appointed conflict-free counsel. See Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003); Brown v. State, 835 So.2d 402, 403 (Fla. 2d DCA 2003).
For purposes of the proceedings on remand, we note that the circuit court was mistaken in its belief that it could not allow Ramos to withdraw his plea in the absence of some irregularity in the plea colloquy. To the contrary, a defendant should be permitted to withdraw a plea if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights. Soto v. State, 780 So.2d 168 (Fla. 2d DCA 2001).
Reversed and remanded for further proceedings.
STRINGER and KELLY, JJ., concur.