877 So.2d 938 (2004)
Eric D. NEWSOME, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5748.
District Court of Appeal of Florida, Second District.
July 28, 2004.
*939 Bruce G. Howie of Piper, Ludin, Howie & Werner, P.A., St. Petersburg, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Eric D. Newsome challenges the trial court's dismissal of his motion to withdraw plea as facially insufficient. He contends that he was entitled to an evidentiary hearing and to be represented by conflict-free counsel. We agree.
Newsome was charged by information with aggravated battery for causing bodily harm by discharging a firearm. On the day that trial was scheduled to begin, defense counsel advised the court that her material witness, although subpoenaed, had not appeared. Following an off-the-record conference between the judge, the prosecutor, and defense counsel, Newsome elected to enter a negotiated guilty plea to aggravated battery with a firearm in exchange for a twenty-year sentence.
In his timely pro se motion to withdraw plea, Newsome stated that he was filing the motion "pending his motion to withdraw counsel" filed pursuant to Florida Rule of Criminal Procedure 3.170(f). He then made the following allegations: (1) counsel was ineffective at the time he entered his guilty plea; (2) the judge coerced the plea or participated in negotiations so as to be construed as inducement; (3) Newsome received misinformation about the minimum and maximum penalties; (4) the voluntariness of the plea was not established on the record; (5) the judge failed to explain the nature and/or elements of the offense; and (6) counsel coerced Newsome to sign the plea. Newsome added that he wished to discharge appointed counsel.
Citing Harris v. State, 818 So.2d 567 (Fla. 2d DCA 2002), the trial court dismissed Newsome's motion, finding that his allegations were conclusory and facially insufficient to warrant either the appointment of counsel or an evidentiary hearing. However, the defendant's allegation in Harris is clearly distinguishable from the allegations that Newsome made here.
The allegation in Harris was facially insufficient because it failed to allege a legally cognizable reason for withdrawal of the plea. Harris' motion was filed pursuant to Florida Rule of Criminal Procedure 3.170(l), which limits the available grounds for withdrawal of a plea to the following: (a) the lower tribunal's lack of subject matter jurisdiction; (b) a violation of the plea agreement, if preserved by a motion to withdraw plea; (c) an involuntary plea, if preserved by a motion to withdraw plea; (d) a sentencing error, if preserved; or (e) as otherwise provided by law. See also Fla. R.App. P. 9.140(b)(2)(A)(ii)(a)-(e). Rather than allege one of these enumerated grounds, Harris simply alleged that he "did not fully understand the sentence." This clearly did not fall into one of the enumerated grounds. This court characterized Harris' allegation as a "minimal *940 allegation" that was not a ground for relief under rule 3.170(l). Harris was therefore not entitled to either an evidentiary hearing or to the appointment of counsel. Although the trial court in Harris, despite the absence of a legally cognizable ground to withdraw the plea, proceeded to conduct an evidentiary hearing, this court was clear that an evidentiary hearing is not required in such circumstances: "[A]t least when the motion is facially insufficient and the trial court has no need to conduct an evidentiary hearing, the defendant need not be present when the motion is summarily denied." Id. at 568.
The facts in Harris thus stand in stark contrast to the facts in the instant case. Here, Newsome specifically alleged that his plea had been involuntarily entered, which is one of the enumerated grounds under the rules. Although Newsome did not specify within the same paragraph the reasons that his plea was involuntarily entered, the remaining paragraphs provide the reasons. He alleged that his counsel was ineffective at the time of the plea, that the judge induced the plea, that he was misinformed as to the minimum and maximum penalties he faced, that the judge failed to explain the nature and/or elements of the offense, and that counsel coerced him to sign the plea.
These allegations are similar to those in Brown v. State, 835 So.2d 402 (Fla. 2d DCA 2003), where this court found the following allegations to be facially sufficient: "[H]e did not fully understand the nature and extent of his plea, [] he was threatened or coerced into pleading by his trial attorney, and [ ] his trial attorney admitted to `knowing/having a degree of affiliation' with the victim." Id. at 403. In Brown, we specifically observed that these allegations provided more detail in alleging an involuntary plea than those in Harris.
Once the defendant has alleged one of the permissible grounds to withdraw his plea, as here, the motion is considered facially sufficient to warrant a hearing. See Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003). Because we have concluded that Newsome's motion, alleging the involuntariness of his plea, raised one of the enumerated grounds, we necessarily conclude that it was facially sufficient and warranted an evidentiary hearing. Furthermore, "[b]ecause a motion pursuant to rule 3.170 has been treated as a critical stage of proceedings in the trial court," Newsome was entitled to be present at the hearing and to have counsel represent him. Id. at 661. Moreover, given Newsome's allegations that counsel was ineffective, that counsel misadvised him about the minimum and maximum penalties he faced, and that counsel had coerced him to sign the plea, we conclude that Newsome's counsel's position had become adverse to Newsome's, thus entitling Newsome to the appointment of conflict-free counsel. See id. The trial court's refusal to appoint conflict-free counsel was not harmless error. See id.; see also Miller v. State, 838 So.2d 1213 (Fla. 2d DCA 2003).
Because the trial court summarily dismissed Newsome's motion to withdraw his plea without an evidentiary hearing at which Newsome could be present, and because the court failed to appoint conflict-free counsel to represent Newsome, we reverse and remand with directions to the trial court to conduct a hearing on Newsome's motion to withdraw plea at which Newsome is allowed to be present and represented by conflict-free counsel.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.