ALTENBERND, Judge.
Jose Garcia appeals an order, entered on remand from his initial direct appeal, denying his motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(¿). Because Mr. Garcia was denied the assistance of counsel at this critical stage in the criminal proceedings against him, we reverse.
In Mr. Garcia’s direct appeal of his judgment and sentence, he argued that the trial court erred in dismissing his pro se motion to withdraw plea, which was a motion filed pursuant to rule 3.170(l). The State conceded the error, and we reversed “the order dismissing [Mr.] Garcia’s motion to withdraw plea” and remanded “with directions for the trial court to rule on said motion.” Garcia v. State, 867 So.2d 618, 618-19 (Fla. 2d DCA 2004).[1]
On remand, before the trial court addressed the motion, Mr. Garcia filed a motion asking the court to appoint conflict-free counsel to represent him regarding the motion. There was no appearance by any counsel on behalf of Mr. Garcia. The trial court, however, issued an order summarily denying Mr. Garcia’s request for counsel and summarily denying the motion to withdraw plea, based upon the court’s conclusion that the allegations of the pro se motion were conclusively refuted by the record.
A motion to withdraw plea pursuant to rule 3.170(¿) is a critical stage of the proceedings. See Mattia v. State, 907 So.2d 683 (Fla. 2d DCA 2005); Newsome v. State, 877 So.2d 938 (Fla. 2d DCA 2004); Miller v. State, 838 So.2d 1213 (Fla. 2d DCA 2003). By the time the trial court addressed the motion on remand from this court, it was clear Mr. Garcia’s initial trial counsel was no longer representing him and Mr. Garcia had filed a motion unequivocally requesting the appointment of conflict-free counsel. Mr. Garcia was entitled to conflict-free counsel to represent him in pursuing this motion. See Newsome, 877 So.2d at 940; Miller, 838 So.2d at 1213.
We therefore reverse the order denying Mr. Garcia’s motion to withdraw plea pursuant to rule 3.170(i) and remand for further proceedings. On remand, the circuit court must appoint counsel to represent Mr. Garcia in this critical stage of the criminal proceedings. We make no assessment of the merits of Mr. Garcia’s motion.
Reversed and remanded.
FULMER, C.J., and KELLY, J., Concur.

. The opinion on Mr. Garcia's first appeal was issued shortly before this court issued Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004). In Mourra, we held that such unauthorized pro se motions, filed when a defendant was represented by counsel, should be generally "treated as a nullity” and stricken, rather than addressed on the merits, unless the motion included "some unequivocal request to discharge counsel.” Procedurally, however, we conclude that the law of the case prevents us from applying Mourra to Mr. Garcia’s case at this time.