PER CURIAM.
Appellant challenges her judgment and sentence imposed upon her violations of probation. She contends the trial judge erred in denying her motion for rehearing filed by her trial counsel subsequent to sentencing. We REVERSE and REMAND.
Appellant pled guilty to violating probation and was sentenced to seven years’ imprisonment. Approximately five days after sentencing Appellant wrote to her trial counsel requesting that he “get [her] back into court for a sentencing reduc *1081 tion[.]” She told counsel that she suffered from a “shrinking brain tumor” and other medical ailments which require medication that she had been without for more than three weeks. She claimed that, combined with the fact that English is her second language, she “was unaware of what was being said to [her] by the judge and not even aware what anyone was speaking.”
Trial counsel filed a motion to conduct hearing, requesting the court bring Appellant into court “for the purpose of allowing her a full opportunity to be heard on the issues raised Pro Se and appropriate inquiry conducted and to grant or deny relief sought as appropriate.” The court held a hearing but Appellant was not present. Counsel explained that when he had filed the motion Appellant had been housed at the jail but had subsequently been moved to prison. He stated he did not file a motion to transport her to court because he considered the hearing as one to discuss how Appellant should proceed, and not a hearing on a motion to withdraw her plea. Counsel then told the court he styled the motion as a motion for hearing rather than as a motion to withdraw plea because he could not, in good faith, assist Appellant with withdrawing her plea. He stated he had “stood by [Appellant’s] side when she entered the plea,” and he did not believe that her medical condition interfered with her ability to understand the proceedings and the plea agreement. Counsel further stated he did not believe Appellant did not understand English well enough to comprehend the plea agreement because he previously utilized her at the jail as an interpreter when he spoke with other clients. The court denied the motion for hearing but told counsel that the appellant could file a pro se pleading to pursue her claim. Counsel stated that he would prepare a draft order and a cover letter to Appellant explaining she could file a pro se motion seeking relief. Instead of filing a pro se motion, Appellant filed a timely notice of appeal. Appellant argues the trial court abused its discretion by failing to appoint conflict-free counsel to represent her in the proceedings before the court. We agree.
In Garcia v. State, 846 So.2d 660 (Fla. 2d DCA 2003), Garcia wrote a letter to the trial court seeking to withdraw his plea based upon a claim that his trial counsel misled him into pleading guilty. The trial court treated the letter as a motion to withdraw plea and during an informal hearing when the appellant was not present, questioned Garcia’s trial counsel about the allegation. Counsel stated he could not conceive of how he misled Garcia, and the trial court denied the motion. The appellate court concluded that the allegation could be construed as a facially sufficient challenge to the voluntariness of the plea, which, thus, warranted a hearing. See id. at 661. The appellate court also found it significant that trial counsel had taken an adverse position to Garcia’s interests. Id. The court held that once it became clear that counsel was in conflict with Garcia’s interests, the court was required to appoint conflict-free counsel to represent him. Id.
Similarly, in the instant case, counsel argued against Appellant’s interests and did so while she was not present at the hearing. Once it became clear counsel’s position was adverse to Appellant’s and he was refusing to file a motion to withdraw the appellant’s plea, the court should have appointed conflict-free counsel to represent the appellant. We therefore reverse and remand with instructions that the trial court appoint conflict-free counsel to represent Appellant and to consider the ap *1082 propriate path through which to address Appellant’s claim.
REVERSED AND REMANDED.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.