COLBATH, JEFFREY, Associate Judge.
Appellant, Michael Camerota, appeals the trial court’s order denying his motion to suppress his confession, which was used against him in four cases. Appellant files this appeal pursuant to Florida Rule of Appellate Procedure 9.140, which allows a defendant to appeal a dispositive order after entering a plea of no contest. We hold (1) appellant failed to reserve the right to appeal the trial court’s ruling on the motion to suppress, and (2) the record is unclear whether the court’s ruling on the motion was dispositive. We therefore dismiss this appeal.
This appeal stems from appellant’s March 30, 2002 arrest for possession of cocaine, possession of drug paraphernalia, and resisting arrest. As a result of his arrest, Camerota was interrogated and gave incriminating statements to police. Defense counsel filed a motion to suppress, asserting various reasons the confession was improperly obtained and should be suppressed. The motion was filed on January 9, 2004, and a hearing on the motion began on June 24, 2004, and spanned several days. On June 29, 2004, the parties discussed Camerota making a conditional plea. The record reveals the following:
[State]: ... [A] plea would be entered by Mr. Camerota if he lost the Motion to Suppress [and] would still preserve his right to appeal....
[[Image here]]
The Court: ... [I]f I understand what you’re saying, what the State’s offer is, ah, that Mr. Camerota will enter a plea of No Contest to certain charges reserving two things. One, to appeal if denied the Motion to Suppress. Second, the right to withdraw the plea (inaudible) Motion to Suppress. Is that the gist of it ... ?
(Inaudible here)
[State]: (Inaudible) suggest that one charge carries a thirty year sentence *1242 and the other charges (inaudible). As to Mr. Camerota, but I think that’s, that is the gist of what we’re saying.
The conditional plea was never tendered to the court, rather, the parties continued with the motion to suppress. The trial court denied the motion to suppress on July 7, 2004, but the defendant did not agree to plea no contest until August 23, 2004. The record is clear, however, that the nature of the plea agreement had changed since the discussions of June 29, 2004.
At the time of the August 23rd plea, there was no discussion regarding the dispositive nature of the ruling on the motion to suppress nor was there any conversation regarding reservation of the right to appeal. Generally, to obtain appellate review of a guilty or no contest plea, the defendant must specifically reserve dispositive issues for appeal in the trial court. See Burns v. State, 884 So.2d 1010, 1012 (Fla. 4th DCA 2004). We hold that the conversations on the record on June 29, 2004, were nothing more than negotiations that did not come to fruition. At the time of appellant’s subsequent plea of no contest, there was no preservation of his appellate rights.
Equally fatal to the appeal is appellant’s failure to establish that the issue was legally dispositive. An issue is legally dispositive only if there will be no trial irrespective of the appellate court’s ruling. See Levine v. State, 788 So.2d 379, 380 (Fla. 4th DCA 2001). Here, the record demonstrates there was incriminating evidence other than appellant’s statements.

Dismissed.

STONE and TAYLOR, JJ., concur.