# Third District Court of Appeal

**State of Florida**

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2268
Lower Tribunal No. 15-855-A-K
_____

**Steven Watkins,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal conducted pursuant to Anders v. California, 386 U.S. 738 (1967), from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Steven Watkins, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

ROTHENBERG, C.J.

Steven Watkins appeals the judgment and sentence imposed as a result of Watkin's nolo contendere plea to felony petit theft following the trial court's denial of his motion to suppress the identification made by the victim of the theft. The three grounds raised for reversal are that: (1) the trial court failed to determine that there was a factual basis to support Watkin's plea to felony petit theft; (2) trial counsel provided ineffective assistance of counsel by stipulating that there was a factual basis to support the plea; and (3) trial counsel provided ineffective assistance of counsel by stipulating, rather than challenging, the propriety of the enhancement of the petit theft to a felony theft based upon Watkins' prior petit theft convictions.[1]

Although we affirm without prejudice to allow Watkins to seek postconviction relief under Florida Rule of Criminal Procedure 3.850 for ineffective assistance of

---

[1] Watkins indirectly contests the trial court's denial of his motion to suppress the out-of-court photographic lineup identification, but contends that he cannot properly address that issue on appeal because the photographic lineup was not included in the record on appeal. However, because Watkins entered into a negotiated plea to the felony theft; he did not reserve his right to appeal the denial of his motion to suppress the identification when he entered his plea; and he has not moved to withdraw his plea, we conclude that the issue of whether the photographic lineup procedure was so unduly suggestive so as to give rise to a substantial likelihood of a misidentification has not been preserved for appellate review on direct appeal. See Camerota v. State, 959 So. 2d 1240, 1242 (Fla. 4th DCA 2007) ("Generally, to obtain appellate review of a guilty or no contest plea, the defendant must specifically reserve dispositive issues for appeal in the trial court.").

counsel and/or Florida Rule of Criminal Procedure 3.800 to correct an illegal sentence, we briefly discuss the three grounds raised on direct appeal.

As to the first ground—that the trial court erred by failing to determine whether there was a factual basis to support the plea—we conclude this claim is without merit both factually and procedurally. First, the record reflects that defense counsel stipulated to the existence of a factual basis and specifically waived on the record any further showing to demonstrate that factual basis. Second, as the trial court noted on the record, it had just heard the motion to suppress the out-of-court photograph identification, which included the testimony of the victim and the police officers, and based on the testimony, the trial court determined that there was a factual basis to support the plea.

> The Court: Ordinarily the State recites a factual basis. In your case I had evidence[,] we heard from the victim here. We heard police officers. So I find that there is a factual basis.

Recognizing that his trial counsel stipulated to the existence of a factual basis for the plea, Watkins argues in his second ground that this stipulation constitutes ineffective assistance of counsel. Although a defendant may raise a claim of ineffective assistance of trial counsel on direct appeal, see Cumper v. State, 506 So. 2d 89, 89 (Fla. 2d DCA 1987), in order to obtain relief on direct appeal, he must demonstrate ineffective assistance of counsel which is clear on the face of the record. Fones v. State, 765 So. 2d 849 (Fla. 4th DCA 2000). Watkins

3

has failed to meet that standard here. The victim testified that while seated on the steps next to Watkins outside a Circle K. Store, Watkins engaged the victim in "small talk" and then quickly reached into the victim's pocket and stole his wallet. Based on the description provided by the victim and video surveillance utilized by the store, law enforcement issued a BOLO[2] describing the suspect and the suspect's clothing. Although the physical description provided by the victim was not entirely accurate (a black male in his mid 30's, 5'8"- 5'9" with a thin build, and wearing a tank-top, jeans, a sparkly belt, and a bucket hat), when Watkins was seen at the same Circle K store hours later, he was wearing the clothing described by the victim. The victim also positively identified Watkins from a photographic lineup and testified at the suppression hearing that he had a clear memory of the person's face because he got a good look at him. We, therefore, cannot find clear ineffective assistance of counsel for stipulating to a factual basis for the plea, and we additionally conclude that the stipulation was unnecessary based on the trial court's own finding, based on the evidence it heard, that there was a factual basis for the plea.

Lastly, on the face of the record, we do not find that defense counsel provided ineffective assistance of counsel by stipulating to the prior convictions for petit theft relied on by the trial court to enhance the current petit theft conviction to

---

[2] "Be on the look out."

a felony theft. However, this ruling is without prejudice to Watkins to seek postconviction relief, if appropriate, under rule 3.850 and/or rule 3.800.

Affirmed.