NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DONALD J. CULVER, DOC #H01314,          )
                                        )
      Appellant,          )
                                        )
v.                                      )
                                        )          Case No.  2D16-5541
STATE OF FLORIDA,                       )
                                        )
      Appellee.          )
                                        )
_____ )

Opinion filed February 15, 2019.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Katie Lynn Salemi-
Ashby, Assistant Attorney General,
Tampa, for Appellee.


SLEET, Judge.

      Donald J. Culver challenges the trial court's summary denial of his motion

to withdraw plea after sentencing following the revocation of his probation.  Because

Culver alleged a facially sufficient claim that his plea was involuntary due to counsel's

misrepresentations, we reverse and remand for a hearing pursuant to Sheppard v. State, 17 So. 3d 275 (Fla. 2009).

In 1995 Culver was convicted by a jury of one count of incest and two counts of familial-authority sexual battery. After he completed the incarcerative portion of his sentence but while still on probation, the State filed an affidavit of violation in February 2015. On October 10, 2016, Culver entered into a plea agreement by which he would admit the charged violation. At the plea hearing, both defense counsel and Culver informed the trial court that they believed Culver was entitled to credit pursuant to Tripp v. State, 622 So. 2d 941, 942 (Fla. 1993), in which the Florida Supreme Court "h[e]ld that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." The trial court orally sentenced Culver to concurrent terms of twenty-seven years' imprisonment "with credit for all time served." Culver's written sentence indicated that he received credit for "625 days' time served between the date of arrest as a violator following release from prison to the date of resentencing."

On November 1, 2016, Culver filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*). In the motion, as to the issue of Tripp credit, Culver alleged the following:

> Defendant entered a negotiated plea to [twenty-seven] years F.S.P. as a result of 'deception' of defense counsel allowing the perception of defendant that the plea being accepted would result to that of a 'time served' sentence after application of credits and terms as provided by the State, and defendant would GO HOME!

He further alleged that he "was not afforded any written terms only assurance of defense counsel that terms were acceptable and would be presented to

court for recording," that he "perceived that the calculations and credits used by State would result in a 'time served sentence' as assured by defense counsel in negotiations," and that he "would not have agreed to plea if known that terms and credits were being omitted from the written record and sentence would not result in 'time served' [sentence]." Culver also alleged a scoresheet error by stating that "[t]he State is without jurisdiction to combine results of (2) separate guideline applications which results only in a vindictive and harsher punishment to the defendant. Questions and answers of sentences are required to be resolved in favor of a defendant."

The court summarily denied the motion "to the extent that the defendant's plea shall stand." However, the court noted that "[i]t appears that the Department of Corrections may not have applied the defendant's previously earned credit," and it ordered that "[t]he Department of Corrections shall apply Tripp credit to the Defendant's sentence if it has not already done so."

On appeal, Culver argues that the trial court erred in denying his motion to withdraw his plea because it was facially sufficient and raised a valid conflict between Culver and trial counsel and that therefore, it should have conducted a hearing pursuant to Sheppard, 17 So. 3d 275. We agree.

Rule 3.170(*l*) provides: "A defendant who pleads guilty or nolo contendere . . . may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)." The rule lists as grounds for plea withdrawal "an involuntary plea" and "a sentencing error." Fla. R. App. P. 9.140(b)(2)(A)(ii)(c), (d). These rules also apply to admissions of probation violations as well. See Sheppard, 17 So. 3d at 277-78. "[W]hen a defendant files a facially sufficient motion to withdraw a plea, the trial

court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record." Boule v. State, 884 So. 2d 1023, 1024 (Fla. 2d DCA 2004) (alteration in original) (quoting Iaconetti v. State, 869 So. 2d 695, 699 (Fla. 2d DCA 2004)).

> [W]hen a represented defendant files a pro se rule 3.170(*l*) motion **based on allegations giving rise to an adversarial relationship such as** counsel's misadvice, **misrepresentation**, or coercion that led to the entry of the plea . . . the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

Sheppard, 17 So. 3d at 287 (emphasis added) (footnote omitted).

Here, Culver has alleged a facially sufficient claim that counsel misrepresented to him the effect of his plea deal and that his plea was therefore involuntary. Additionally, he alleged a facially sufficient claim of sentencing error with regard to the scoresheet. And neither claim is conclusively refuted by the record. Accordingly, he was entitled to an evidentiary hearing on these claims. See Garcia v. State, 846 So. 2d 660, 661 (Fla. 2d DCA 2003) ("Garcia's allegation that he was misled by his court-appointed attorney into entering the plea can be construed as a challenge to the voluntariness of the plea. Thus, Garcia's motion was facially sufficient to warrant a hearing." (citation omitted)).

Furthermore, although the trial court's order directs the Department of Corrections to apply Tripp credit to Culver's sentence, this does not resolve Culver's allegation that counsel misrepresented to him that based on the combination of credits due to him, entering a plea for twenty-seven years' prison would result in a "time

- 4 -

served" sentence by which he would not serve any new prison time. This claim alleged an adversarial relationship between Culver and defense counsel and therefore entitled Culver to a limited hearing as described in Sheppard to determine if it was necessary to appoint conflict-free counsel to represent Culver on his motion to withdraw plea. See Sheppard, 17 So. 3d at 287; see also Garcia, 846 So. 2d at 661 ("Once it became clear that Garcia and his counsel had adversarial positions concerning what actually happened while counsel was advising Garcia concerning the plea, Garcia was entitled to conflict-free counsel."). Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing on Culver's rule 3.170(*l*) motion but only after it has conducted a Sheppard hearing to determine if Culver is entitled to conflict-free counsel.

We note that with regard to Culver's claim of scoresheet error, it appears that in summarily denying it the trial court misconstrued Culver's argument. The trial court addressed the claim by merely stating that "only one scoresheet was used" and attaching that scoresheet. But the fact that there was only one scoresheet in the record does not conclusively refute Culver's allegation that the State "combined" two "guideline applications" in calculating his one scoresheet. We therefore direct the trial court to address this claim at the evidentiary hearing on Culver's rule 3.170(*l*) motion.

Reversed and remanded with instructions.

LaROSE, C.J., and VILLANTI, J., Concur.