779 So.2d 517 (2000)
Daniel Paul BIBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4063.
District Court of Appeal of Florida, Second District.
December 8, 2000.
Mario J. Cabrera of Mario J. Cabrera, P.A., Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, Tampa, for Appellee.
PER CURIAM.
Daniel Paul Bible appeals judgments and sentences entered after the trial court denied his motion to withdraw his plea. Mr. Bible argues that he was entitled to the appointment of conflict-free counsel to represent him in seeking to withdraw his plea. The State having conceded error, we reverse.
While on probation, Mr. Bible was charged with armed robbery, armed kidnaping, and aggravated battery. Mr. Bible entered into a plea agreement in which he admitted to the violation of probation and pleaded guilty to the armed robbery. In exchange, the State entered a nolle prosequi as to the armed kidnaping and aggravated battery charges and agreed to a cap on each of the sentences to be imposed. Prior to sentencing, however, Mr. Bible's counsel filed a motion to withdraw the plea.
At a hearing on the motion, Mr. Bible's counsel explained that Mr. Bible believed counsel had coerced or pressured him into the plea agreement. Counsel then affirmatively defended himself and denied these allegations. Because counsel argued a position adverse to that asserted by his client, a direct conflict arose between them, and Mr. Bible was entitled to the appointment of conflict-free counsel to argue the motion. See Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999). The State has conceded this error. We therefore reverse the order denying the motion to withdraw the plea and remand for the appointment of conflict-free counsel and a new hearing on the motion.
Reversed and remanded.
ALTENBERND, A.C.J., and WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.