827 So.2d 384 (2002)
Jose F. VAZQUEZ, Appellant,
v.
Violeta M. VAZQUEZ, Appellee.
No. 4D02-3090.
District Court of Appeal of Florida, Fourth District.
October 9, 2002.
Matthew S. Nugent and Christopher L. Scammell of Law Offices of Matthew S. Nugent, West Palm Beach, for appellant.
Jeffrey D'Amore of D'Amore Law Firm, P.A., West Palm Beach, for appellee.
KLEIN, J.
The trial court found appellant to be in contempt; however, the order fails to comply with rule 12.615(d)(1), Florida Family Law Rules of Procedure, which provides:
An order finding the alleged contemnor to be in contempt shall contain a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had *385 the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based.
See also Amend. to Fla. Family Law Rules of Proc., 723 So.2d 208, 213-14 (Fla. 1998).
This order, which states that appellant's failure to comply with a prior order "was willful," and that husband "has the ability" satisfies the first sentence of the rule but contains no recital of the facts on which the findings are based as required by the second sentence of the rule. Appellee argues that these findings, as required by the first sentence are sufficient, without more, to satisfy the rule. If appellee's interpretation were correct, the last sentence in the rule would be meaningless.
We construe the rule to require the trial court to identify the sources from which appellant could have obtained the funds to comply with a prior order. Reversed.
GUNTHER and TAYLOR, JJ., concur.