841 So.2d 648 (2003)
Johnnie MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-377.
District Court of Appeal of Florida, Second District.
April 9, 2003.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Johnnie Meeks contends, and the State concedes, that the trial court should not have heard and denied his motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l) without appointing counsel to represent him in the matter. We agree.
A criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him. Wofford v. State, 819 So.2d 891, 892 (Fla. 1st DCA 2002); Bible v. State, 779 So.2d 517, 517 (Fla. 2d DCA 2000); Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999). A motion to withdraw plea pursuant to rule 3.170(l) is such a critical stage of the criminal proceedings. Bible, 779 So.2d 517.
Reversed and remanded with directions to appoint counsel to represent Meeks and to hold a new hearing on his motion to withdraw his plea.
WHATLEY and SILBERMAN, JJ., Concur.