841 So.2d 648 (2003)
John Raymond Edward CLEVELAND, Appellant,
v.
Susan Iris CLEVELAND, Appellee.
No. 4D03-523.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
*649 Donald Loughran of Donald Loughran, P.A., Fort Lauderdale, for appellant.
Kristin A. West of the Law Offices of Kristin A. West, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from an order of the Broward Circuit Court adjudicating appellant in contempt, finding that appellant had the present ability to pay support and had willfully failed to pay it and ordering the payment of a purge amount of $3,300 by a certain date or else a writ of arrest would issue for ninety days. We reverse the order of contempt.
Based on our review of the record, we conclude that there was no substantial, competent evidence to support the trial court's finding that appellant had the ability to pay the support or the purge amount. First of all, the presumption of ability to pay support previously ordered can be rebutted. See Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985). Appellant filed a new financial affidavit indicating that he did not have the present ability to pay the support, but this affidavit was summarily rejected by the trial court apparently based only on recollection of its previous findings and rejection of previous evidence presented at other contempt hearings. In Vazquez v. Vazquez, 827 So.2d 384 (Fla. 4th DCA 2002), this court construed rule 12.615(d)(1) of the Florida Family Law Rules of Procedure as requiring the trial court to actually identify the sources from which the appellant could have obtained the funds to comply with a prior support order.[1] That was not done here. In addition, the trial court made a conclusory finding of ability to pay the purge amount, but offered no factual basis for that finding either. The trial court did not inquire into appellant's actual assets and holdings at the time of the hearing and, as previously mentioned, summarily rejected appellant's financial affidavit. The court simply arrived at the purge *650 amount by calculating the entire amount of support then due.
Accordingly, the order of contempt is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] An order finding the alleged contemnor to be in contempt shall contain a finding that a prior order of contempt was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based. See Fla. Fam. L.R.P. 12.615(d)(1).