854 So.2d 293 (2003)
John Edward LARSEN, Appellant,
v.
Eva LARSEN, Appellee.
No. 4D03-1716.
District Court of Appeal of Florida, Fourth District.
September 24, 2003.
John Edward Larsen, Plantation, Pro se.
No appearance for Appellee.
PER CURIAM.
The former husband, John Larsen, appeals a non-final order from the circuit court holding him in contempt for failing to pay child support. Having earlier stayed *294 the proceedings below, we reverse that portion of the circuit court's order which held him in contempt and set a purge amount.
In March 2003, Larsen's former wife sought to hold him in contempt for failing to make his January and February support payments. The matter was referred to a General Master. On April 1, 2003, the General Master issued its report, finding Larsen to be in contempt of the trial court's order requiring him to pay $933 in monthly child support. The General Master determined that he willfully failed to comply with the court's order and recommended that the court impose a purge amount of $1,638.25. On May 1, 2003, the trial court approved the General Master's Report and adopted its recommendation as its order, which included Larsen's possible arrest for contempt in the event he failed to pay the purge amount. The court also acknowledged the mandatory income deduction provision of section 61.1301, Florida Statutes, and directed payment to the Support Enforcement Division.
Shortly thereafter, Larsen sought a writ of prohibition from this court to prevent his incarceration for contempt. Larsen subsequently filed Objections to the Income Deduction Order in the circuit court and a Motion to Clarify the court's order, given his employer's deduction of support from both his income and expense reimbursements.
Upon receipt of Larsen's petition for writ of prohibition, we stayed the proceedings below, prohibiting any further incarcerative action, and redesignated his petition as an appeal from a non-final order entered after final judgment pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). We permitted the former wife to file a brief, but she failed to do so. The circuit court, having earlier scheduled a hearing on Larsen's Objections to the Income Deduction Order and Motion for Clarification, cancelled the hearing given our stay. Thereafter, Larsen filed motions in this court requesting that we quash the income deduction order, stay any further garnishment of his wages pending a hearing, and clarify whether the lower court may hold a hearing on his Objections to the Income Deduction Order.
Having reviewed the record, we conclude that there was no substantial, competent evidence to support the trial court's finding that Larsen had the ability to pay child support in the months of January and February 2003. See Cleveland v. Cleveland, 841 So.2d 648 (Fla. 4th DCA 2003)(holding that no substantial, competent evidence supported finding that father had the ability to pay child support arrearages). We have construed Florida Family Law Rule of Procedure 12.615(d)(1) as requiring the trial court to actually identify the sources from which the contemnor could obtain the funds to comply with a prior support order. See Vazquez v. Vazquez, 827 So.2d 384 (Fla. 4th DCA 2002).
The General Master's Report recognized that Larsen lost his job as a commercial pilot on December 16, 2002, and that he was recalled by his employer on January 27, 2003, on a reduced schedule. Yet, the General Master's Report implicitly determined that Larsen was able to pay support in January and February as "he is working an average of 40+ hours per week." The transcript of the hearing held before the General Master shows that the former wife's counsel acknowledged that Larsen was current in his support payments through December 2002, although he had accrued earlier arrearages prior to the parties' July 2002 agreement concerning payment of his past support arrearages. Although Larsen testified that he was in fact averaging 40+ hours per week in *295 March, the General Master's report provides no "recital of facts" establishing that he had the present ability to pay support in January and February. See Fla. Fam. L.R.P. 12.615(d)(1)(requiring the court's order to "contain a recital of the facts on which these findings are based"). Rather, the report merely stated in conclusory fashion that Larsen had the ability to pay support and willfully failed to do so.
Florida Family Law Rule of Procedure 12.615(e) also states that an order providing for incarceration as a coercive sanction for civil contempt shall not only set a purge amount, but also include "a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding." Again, the General Master's Report failed to make a separate affirmative finding that Larsen had the ability to comply with the purge. See Bickis v. Broward County Sheriff, 763 So.2d 487 (Fla. 4th DCA 2000).
We, therefore, reverse those portions of the circuit court's order adopting the General Master's finding that Larsen willfully failed to comply with the court's July 24, 2002 order having had the ability to do so, and recommending that he be incarcerated for contempt until he pays the required purge amount. No motion for rehearing shall be entertained. The Clerk is directed to issue a mandate simultaneously with this opinion so that the circuit court may proceed with its hearing on Larsen's Objections to the Income Deduction Order and Motion to Clarify. In light of our decision, we dismiss the Motion to Quash Income Deduction Order and Motion to Clarify our initial order as moot.
STEVENSON, HAZOURI and MAY, JJ., concur.