870 So.2d 125 (2003)
Thomas C. VAN HARE, Appellant,
v.
Cheryl L. VAN HARE, Appellee.
Nos. 4D03-4176, 4D03-4283.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
*126 Thomas C. Van Hare, Coconut Creek, pro se.
Barbra Amron Weisberg of Barbra Amron Weisberg, P.A., and Holly Davidson Schuttler of Holly Davidson Schuttler, P.A., Boca Raton, for appellee.
PER CURIAM.
We reverse two contempt orders, one finding the former husband in indirect criminal contempt associated with the court's finding that he disparaged the former wife in front of their children, and the other for civil contempt for failing to pay child support, alimony, and medical expenses.
With regard to the criminal contempt, the trial court did not comply with any of the provisions of Florida Rule of Criminal Procedure 3.840. By that rule, a defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and to testify in his or her own defense. Failure to comply with the procedural requirements of this rule is reversible error. Willis v. State, 855 So.2d 263 (Fla. 4th DCA 2003); Neilinger v. Jenne, 830 So.2d 245 (Fla. 4th DCA 2002); Baker v. Green, 732 So.2d 6, 7 (Fla. 4th DCA 1999).
As to the civil contempt, the former husband is in arrears and does not dispute such. The order provides that unless paid, upon filing of an affidavit of non-compliance, the former husband is to be committed and brought before the trial judge within forty-eight hours to determine whether he continues to have the present ability to pay the purge amount of $12,640.
At the time of the parties' marital settlement agreement, a yearly income of $70,000 was imputed to the former husband.
The former husband testified at the contempt hearing that he lacked the ability to pay the monies owed. He testified, without contradiction, that his "field" is internet web design and that it had "bottomed out." He stated that he had no savings, debts of over $100,000, and was having trouble finding clients.
The court asked the former husband why he had not looked for other gainful employment. The former husband responded that he must "gross" at least $3,500.00 a month in order to make his *127 support payments and to live. He testified that he has not been able to find another field that will pay him that income. He testified further that he has been applying for jobs in his field, in international relations, as a development assistant expert.
The former wife did not present any evidence about the former husband's sources of income and assets. Rather, she argued that the former husband had earned income of $73,580.00 in the previous twenty-one months and that he had taken a trip to Europe, both demonstrating an availability of funds. The former husband testified that the trip was fully paid as he was a speaker and received an honorarium. Of the $73,580 "gross" income, it was undisputed that the former husband had been paying arrears from the final judgment, as well as his support payments when possible. Having reviewed the record, we find that it is not sufficient to support the trial court's finding that the former husband has the ability to pay the support/purge amount. See Cleveland v. Cleveland, 841 So.2d 648 (Fla. 4th DCA 2003)(recognizing that the presumption of ability to pay can be rebutted). We have previously construed rule 12.615(d)(1) of the Florida Family Law Rules of Procedure as requiring the trial court to identify the sources from which the appellant could obtain the funds to comply with an unpaid support order. Vazquez v. Vazquez, 827 So.2d 384 (Fla. 4th DCA 2002). Here, the court has not done so.
In Cleveland, this court found that the trial court erroneously arrived at the purge amount simply by calculating the entire amount of back support due. The same flaw is found in this case; that is, the purge amount equals the entire amount of alimony and child support past due with no source of funds identified to support either the finding of contempt or the purge. See also Larsen v. Larsen, 854 So.2d 293 (Fla. 4th DCA 2003). It is significant, here, that the former wife does not point to any source available that may be considered to determine the former husband's ability to pay. See Koll v. Koll, 812 So.2d 529 (Fla. 4th DCA 2002); Sibley v. Sibley, 833 So.2d 847 (Fla. 3d DCA 2002); see also Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). It was clearly not the former wife's position that the former husband is secreting funds.
As worded, the order gives the former husband thirty days to obtain gainful employment to pay the $12,640.00 purge. Patently, even disbelieving most of the former husband's testimony, there is insufficient evidence to support the trial court's conclusion that the former husband has the present ability to purge his contempt.
Therefore, we reverse the order of criminal contempt due to lack of compliance with rule 3.840. Regarding the civil contempt, we reverse and remand for the trial court to revise the purge amount to reflect an amount that the former husband would have the present ability to satisfy within the thirty days required.
STONE, KLEIN and TAYLOR, JJ., concur.