873 So.2d 405 (2004)
Stephen MARTYAK, Appellant,
v.
Judith MARTYAK, Appellee.
No. 4D03-2077.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Rehearing Denied June 8, 2004.
*406 John N. Buso, West Palm Beach, for appellant.
No brief filed for appellee.
POLEN, J.
This appeal arises from a final order finding Stephen N. Martyak in contempt for failing to pay alimony and ordering that he be taken into custody until he pays a purge amount of $19,977.60. Martyak raises four issues on appeal. We find three to be without merit and write only to discuss the claimed invalidity of the contempt order. For the reasons outlined below, we reverse the order of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.
On appeal Martyak contends his due process rights were violated by the court's failure to admit any evidence on his ability to purge the arrearages before entering the contempt order. We agree.
The final judgment of dissolution entered June 24, 1991, ordered Martyak to pay $4,000 in monthly alimony. That judgment created a presumption, in subsequent proceedings, that Martyak had the ability to pay that amount. Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985). To overcome this presumption, the burden fell on Martyak. He could "dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations." Id. at 1279. The Bowen opinion went on to explain:
Once the court finds that a civil contempt has occurred, it must determine what alternatives are appropriate to obtain compliance with the court order. If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.
Id. (Emphasis added.)
In discussing the two step analysis of Bowen, this court has previously clarified that "the presumption of ability to pay which exists in the first step is not a substitute for the separate, affirmative finding of ability to pay required for incarceration." Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997) (internal quotations omitted).
Martyak points to Cleveland v. Cleveland, 841 So.2d 648 (Fla. 4th DCA 2003). Cleveland relied on Vazquez v. Vazquez, 827 So.2d 384 (Fla. 4th DCA 2002), where this court reversed a contempt order that failed to meet the requirements of the Florida Family Rules of Procedure. In Vazquez we held:
the order fail[ed] to comply with rule 12.615(d)(1), Florida Family Law Rules of Procedure, which provides:
An order finding the alleged contemnor to be in contempt shall contain a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support *407 ordered, that the alleged contemnor had the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based.
Id.
In the case at bar, the contempt order referred to the original Final Judgment requiring Martyak to pay the $4,000 in alimony and complied with the rule, as summarized in Vazquez. The order noted that a prior order of support was entered, that Martyak failed to pay part of the support ordered, that he has the ability to pay support, and that he willfully failed to comply with the order.
We do not find that the order is deficient for finding Martyak in contempt. However, having Martyak taken into custody as a result of his contempt was erroneous in light of the trial court's failure to make separate affirmative findings that he has the ability to pay the purge amount, and the basis for such ability. In light of this error we reverse the order of the trial court and instruct that upon remand further proceedings take place that are consistent with this opinion.
REVERSED and REMANDED.
MAY, J., and DAMOORGIAN, DORIAN, Associate Judge, concur.