KAHN, J.
The petitioner, Elijah James, III, is under indictment for the capital crime of first-degree murder in Leon County, Florida. James finds himself presently incarcerated in Thomasville, Georgia. By petition for writ of certiorari, James seeks to overturn an order of the Leon County Circuit Court denying appointment of the Public Defender in Florida. We grant the writ and quash the order of the circuit court.

FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2010, a Florida grand jury indicted petitioner for the murder and robbery of Danielle Brown in Leon County, Florida. At the time the grand jury returned the indictment, petitioner was held by Georgia authorities in Thomasville, charged with arson of an automobile, perhaps Ms. Brown’s.
While in custody of the Georgia authorities, but after the indictment had been returned by the Leon County grand jury, the petitioner submitted an application for determination of criminal indigent status and appointment of counsel in Florida. The Leon County State Attorney’s office took the position that (quoting from the State’s response to the motion for appointment of counsel):
The State of Florida is currently not interacting with Elijah James in any way. No interviews are being attempted, or will be attempted, without him being afforded the right of counsel. Furthermore, he is not being required to participate in any form of activity or lineup nor are any “critical pretrial proceedings” occurring at the time....
The entire prosecution of Elijah James is being held in abeyance until his person can be secured in the State of Florida.
At a hearing on the motion, the circuit judge found that, although a capias had been issued to secure James’ arrest, the petitioner had not been served with the capias. The court went on to reason that, because the capias had not been served, the Leon County Circuit Court did not have “personal jurisdiction to proceed.” The court considered, but rejected, the view that (assuming jurisdiction somehow were an issue) the petitioner would have waived such by coming into court and seeking appointment of counsel. The *893 court went on to conclude that, because the petitioner remained incarcerated in Georgia, he did not qualify for appointment of counsel in Florida, despite the admitted indigent status and the pendency of the indictment.

ANALYSIS

This case turns on whether formal criminal proceedings have been instituted against the petitioner in Florida. Although the State, in its response before this court, persists in discussing the question of personal jurisdiction, we dispense with any further comment on that point and limit our observations to the constitutional question of whether the petitioner’s rights under the Sixth Amendment’s guarantee of assistance of counsel have attached. Clearly they have.
Under the familiar standard, cer-tiorari will not lie unless the applicant for the writ can demonstrate a departure from the essential requirements of law, causing a material injury, and that no adequate remedy exists on plenary appeal. See Marlin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987); Combs v. State, 436 So.2d 93, 95-96 (Fla.1983); AVCO Corp. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010). Here, because the right to counsel in a criminal proceeding is at stake, we harbor no doubt that the petition surmounts both prongs of the certiorari standard. See Gideon v. Wainwright, 372 U.S. 335, 342-43, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Meeks v. State, 841 So.2d 648, 648 (Fla. 2d DCA 2003) (“A criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him.”); Wofford v. State, 819 So.2d 891, 892 (Fla. 1st DCA 2002) (“[Djenial of the Sixth Amendment right to counsel is per se reversible error.”).
For purposes of the Sixth Amendment right to counsel, a criminal indictment, returned by a grand jury, marks the beginning of a formal criminal proceeding and, accordingly, is a critical and crucial stage in the prosecution for purposes of the petitioner’s constitutional rights. See Rothgery v. Gillespie County, 554 U.S. 191, 198, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008); Kirby v. Illinois, 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Traylor v. State, 596 So.2d 957, 968 (Fla.1992). See also § 27.51(l)(a), Fla. Stat. (2009) (“Duties of Public Defender.—(1) The public defender shall represent, without additional compensation, any person determined to be indigent under s. 27.52 and: (a) Under arrest for, or charged with, a felony”); Fla. R. Crim. P. 3.111(a) (“When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a committing judge, whichever occurs earliest.”). The United States Supreme Court stated in Kirby:
The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.
406 U.S. at 689, 92 S.Ct. 1877; accord United States v. Ash, 413 U.S. 300, 309, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). The Florida Supreme Court “has long recognized ... this right of impoverished defen *894 dants to court-appointed counsel commencing at the point in time when they are charged, either formally or informally, with a criminal act.” Traylor, 596 So.2d at 969.
The State’s position, amounting to an assertion that it will take a hands-off approach to this capital murder case at present, and apparently, until such time as the petitioner arrives in Florida, is simply untenable. The indictment certainly commenced an active prosecution of James for the murder. Given the capital nature of the crime, James faces the prospect of the death penalty. For every day that James is denied representation, potential defense counsel loses the opportunity to investigate the case, to seek discovery under the Rules of Criminal Procedure, to interview James and potential witnesses, to guard against unlawful interrogation, and to prepare a meaningful defense, if such is available. The State’s assurance that it will not proceed with the preparation of its case against Mr. James notwithstanding, the petitioner is clearly entitled to representation from at least the date of the indictment, and the trial court departed from the essential requirements of law by not allowing such representation.
We GRANT the writ of certiorari, QUASH the order of the circuit court, and direct the lower tribunal to enter an order granting the petitioner’s motion for appointment of counsel in Florida.
PADOVANO and CLARK, JJ„ concur.