590 So.2d 1078 (1991)
Michael SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00702.
District Court of Appeal of Florida, Second District.
December 20, 1991.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Michael Smith appeals his conviction and sentence for burglary of a dwelling. The sole issue raised on appeal is whether the trial court erred in sentencing Smith without renewing the offer of counsel.
It appears that Smith was gainfully employed at the time of his arrest, such that the county court at first appearance refused to appoint the public defender. Smith subsequently appeared for arraignment without counsel, and entered a plea of no contest. However, at sentencing Smith inquired whether the court would agree to appoint the public defender. He stated that he had lost his job in the interim since first appearance and could no longer afford a private attorney. The court informed Smith that while "a public defender can stand by you for the sentencing process ... you have already pled guilty." The court then proceeded to impose sentence without appointing counsel.
An indigent defendant has the right to the assistance of counsel at every critical stage of the proceedings against him, including sentencing. A prior waiver of counsel is not sufficient to waive defendant's rights at a later date. Machwart v. State, 222 So.2d 38 (Fla. 2d DCA 1969). Faced with Smith's request for counsel, the trial court should have determined whether he qualified for the services of the public defender as of that time. Cf. Cooper v. State, 576 So.2d 1379 (Fla. 2d DCA 1991). Accordingly, we must remand this case for a new sentencing hearing.
Reversed.
SCHOONOVER, C.J., and SCHEB and ALTENBERND, JJ., concur.