743 So.2d 70 (1999)
Daniel N. PADGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2837.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Daniel N. Padgett, Sanderson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
The primary issue presented in this appeal concerns whether an indigent defendant has the right to court-appointed counsel to assist in filing a motion to withdraw plea after sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(l). We answer the question in the affirmative and remand for the appointment of conflictfree counsel.

Procedural background
On June 5, 1998, appellant, Daniel Padgett, pursuant to a plea agreement with the State, pled guilty to charges of attempted sexual battery on a child less than twelve years of age, lewd assault of a child less than twelve, and two counts of lewd assault of a child less than sixteen. The plea provided that appellant would be sentenced to eighteen years incarceration to be followed by ten years probation for the attempted sexual battery charge and to two concurrent fifteen-year terms for the three lewd assault charges. On June 10, 1998, five days after entry of the plea and following the imposition of sentence, Padgett *71 filed a pro se motion to withdraw the plea, pursuant to Florida Rule of Criminal Procedure 3.170(l),[1] alleging, among other things, that his counsel coerced him into entering the plea and that he had perjured himself during the plea colloquy. A hearing was held on the motion to withdraw the plea and both appellant and his court-appointed counsel were placed under oath and gave testimony.
During the hearing, appellant and his counsel gave contrasting testimony concerning the facts which led to appellant's acceptance of the State's plea offer:

The Court: All right. What is your problem? Why do you want to withdraw your plea?
[Mr. Padgett]: Well, I had up until this very last moment refused to accept the plea and told my counsel repeatedly that I didn't want to accept the plea. And I told him several times that very morning that I didn't want to accept the plea. I wanted to go to trial. And he continued to badger me and insist that I will be given a life sentence, that I would be given close custody just like a person on death row and that a letter that I had written would be used against me.
He, after several times of telling him that, no, I did not want to take the plea, he continued to come back and insist that I do take the plea. I feel like I was badgered into it.
Defense counsel denied Padgett's accusations of coercion and testified that he merely informed appellant of the options:

Mr. Fallon: And I did my best to persuade Mr. Padgett to take the offer. In my opinion, the evidence would have proven a capital sexual battery. The Court would have no option but to sentence him to life.... I presented all of this to Mr. Padgett. I said, it's now or never. I can't get a better deal[[2] referring to the 18-year offer from the State]. This is it. He looked at me, he said, let's go for it. Let's do the deal.
If he was coerced by me, he said nothing. At the time, I presumed that Mr. Padgett's decision was a rational one.
. . . .
But I know this is a hard thing and it is a tough thing but I know I didn't go back and forth with him four times as he said.... We talked about the plea and I did urge him, I did.
At the conclusion of the hearing, the trial court denied the motion to withdraw, and there appeared to be some confusion regarding appellant's right to appeal the judge's ruling and his right to have counsel appointed:

Mr. Fallon: Judge, one more thing, if I could? I don't believe there is a right to appeal from [a] plea colloquy, from the guilty plea colloquy itself, but there may be a right to appeal from your order here denying the motion to have the case, plea withdrawn, without appointing one conflict attorney to advise Mr.to advise this man he has certain rights, whether he wants to exercise them or not. I don't think I should be doing that based upon the adversarial posture.

The Court: Okay. Well, you have thirty days to appeal the judgment and this order denying the Motion to Vacate and I cannot appoint the public defender's office because of the adversity between *72 you and Mr. Fallon. File the necessary pro se appeal.
I'm not going to appoint anyone at this time. If the Appellate Courts says [sic] I must, then I will.
After the trial court denied the motion to withdraw plea, appellant filed the instant pro se appeal.

Discussion
It is well-established that a criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him. See Fruetel v. State, 638 So.2d 966, 971 (Fla. 4th DCA)(citing Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)), review denied, 649 So.2d 233 (Fla. 1994). Trial, sentencing and direct appeal are all critical stages at which a defendant is entitled to counsel. See Smith v. State, 590 So.2d 1078 (Fla. 2d DCA 1991)(right to counsel at sentencing); Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA)(right to counsel on appeal)(citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)), review denied, 581 So.2d 1310 (Fla.1991); Enrique v. State, 408 So.2d 635, 637-38 (Fla. 3d DCA 1981)(right to counsel at trial)(citing Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and Gideon v. Wainwright), review denied, 418 So.2d 1280 (Fla.1982). In contrast, there is no right to counsel in postconviction proceedings. See Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995)(reaffirming the principle that there is no absolute right to appointment of counsel in a postconviction proceeding), review denied, 672 So.2d 543 (Fla.1996). The State argues that Padgett's 3.170(l) motion to withdraw plea after sentencing was a "postconviction" proceeding and that, therefore, appointment of counsel was unnecessary even if there was a conflict between Padgett and his trial counsel.
We reject the State's classification of a motion to withdraw plea after sentencing pursuant to rule 3.170(l) as one seeking collateral or "postconviction" relief. The rationale for refusing to extend the right to counsel to postconviction proceedings is that such a proceeding is
not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.
Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (citations omitted).
In the literal sense, a motion filed pursuant to 3.170(l) is postconviction since it comes only after an adjudication of guilt. The term "postconviction" has not, however, been given this limited meaning. For example, sentencing occurs only after an adjudication of guilt (postconviction), yet it is considered part of the criminal prosecution and, therefore, a right to counsel attaches during such proceedings. See, e.g., Smith v. State, 590 So.2d 1078 (Fla. 2d DCA 1991). The term postconviction is generally equated with the concept of collateral relief, i.e., an attack on the conviction and sentence outside of the trial and appeal process. See also Maharaj v. State, 684 So.2d 726, 728 (Fla.1996)(equating postconviction relief to a collateral attack). We do not believe that relief sought pursuant to a rule 3.170(l) motion is collateral.
A defendant may file an appeal, even from a guilty plea, as a matter of right, and in that appeal an indigent defendant is entitled to the appointment of competent counsel. See State v. Trowell, 24 Fla. L. Weekly S235, 739 So.2d 77 (Fla. 1999); In re Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996); Robinson v. State, 373 So.2d 898 (Fla.1979); Hooks v. State, 253 *73 So.2d 424 (Fla.1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972). Florida Rule of Criminal Procedure 3.170(l) was adopted by the Florida Supreme Court as part of its attempt to effectuate the intent of the legislature in enacting the Criminal Appeal Reform Act.
Consistent with the legislature's philosophy of attempting to resolve more issues at the trial court level, we are also promulgating Florida Rule of Criminal Procedure 3.170(l), which authorizes the filing of a motion to withdraw the plea after sentencing within thirty days from the rendition of the sentence, but only upon the grounds recognized by Robinson or otherwise provided by law.
In re Amendments, 696 So.2d at 1105. A defendant who files a timely motion to withdraw plea after sentencing pursuant to rule 3.170(l) is entitled to file a direct appeal from that guilty or nolo plea pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(B)(iii) and may challenge the issues raised by the rule 3.170(l) motion. See Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998)(en banc).
A defendant's right to effective assistance of counsel in the appeal of the issues which were presented in, and preserved by, the filing of a rule 3.170(l) motion would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.[3] To hold to the contrary would be to carve out of a defendant's right to counsel that thirty-day window between the rendition of sentence and the taking of an appealthe very period during which the defendant may raise issues under rule 3.170(l) which would be cognizable during the direct appeal. Thus, we conclude that a motion filed pursuant to rule 3.170(l) does not amount to a collateral attack upon the conviction, but rather is a critical stage in the direct criminal proceeding against the defendant at which the accused must be entitled to effective assistance of counsel.[4]

Conclusion
Returning to the instant case, as the hearing unfolded, Padgett was for all intents and purposes unrepresented. Once it became clear at the hearing that appellant and his counsel had indeed taken adversarial positions concerning what had actually happened while counsel was advising his client concerning the plea, appellant was entitled to the appointment of conflict-free counsel.[5]See Roberts, 670 So.2d at 1045 ("Because the attorney and client's interests were directly adverse, defense counsel was unable to effectively advocate on behalf of his client, and in fact did not advance his client's position.").
The State relies on Cunningham v. State, 677 So.2d 929 (Fla. 4th DCA 1996), to argue that the defendant was not entitled *74 to the appointment of new counsel simply because a conflict arose between counsel and himself. Cunningham, however, is distinguishable as it did not involve "the factually-based claim of coercion [which was presented] in Roberts." 677 So.2d at 931. In Cunningham, the defendant filed an unsworn, conclusory motion, wherein he sought to withdraw his plea and to have new counsel appointed, claiming ineffective assistance of counsel. The trial court conducted a Nelson[6] inquiry at which the defendant alleged the representation was inadequate "because his lawyer, advising him to accept a plea bargain, told him that it was `like you playing Russian Roulette with your life if you take it to trial.'" Id. at 930. The trial court found no basis for the claim of ineffective assistance of counsel and, then, denied Cunningham's motion to discharge counsel and to vacate his plea.
After the trial judge, in Cunningham, ruled on the defendant's claim of ineffective assistance of counsel and found that the claim had no basis, there was no reason to appoint new counsel and nothing to prohibit the court from reaching the merits of Cunningham's motion to withdraw his plea. Additionally, in Cunningham, defense counsel continued to represent his client at the hearinghere, there was no question that Padgett was not being represented by his counsel. The instant case is more akin to Roberts than Cunningham because this case concerns a factual dispute regarding counsel's coercive behavior which allegedly took place in private consultation, off the record. In Cunningham, the claim of ineffective assistance of counsel was conclusively refuted by the record which was before the trial judge.
Since denial of the right to counsel is not subject to a harmless error analysis, we decline to pass on the merits of appellant's motion to withdraw plea. See Chapman v. California, 386 U.S. 18, 23 n. 8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Lee v. State, 690 So.2d 664 (Fla. 1st DCA 1997). Accordingly, we reverse the order denying Padgett's 3.170(l) motion to withdraw his guilty plea and remand for the appointment of conflict-free counsel and a new hearing on Padgett's allegations that his plea was coerced by counsel.[7]
STONE and SHAHOOD, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.170(l) provides:

(l) Motion to Withdraw the Plea After Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v).
[2] Although this is not entirely clear from the record, the State apparently amended the information and changed the capital sexual battery charge to attempted sexual battery pursuant to its plea agreement with the defendant.
[3] This court has already found that a motion to withdraw a plea filed prior to sentencing under rule 3.170(l) to be a critical stage in the proceeding against the defendant at which effective assistance of counsel must be provided. See Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996).
[4] We have found no other cases which directly address this issue. Judge Altenbernd recently wrote a dissent in Bain v. State, 730 So.2d 296, 306-09 (Fla. 2d DCA 1999)(Altenbernd, J., dissenting)(dissenting from the majority's holding that an illegal sentence amounts to fundamental error which may be addressed on appeal absent preservation), wherein he addressed the right to appointed counsel for a 3.800(b) motionanother of the postsentencing preservation procedures resulting from the Criminal Appeals Reform Act. Judge Altenbernd stated that "In light of the recent changes, a defendant clearly has the constitutional right to appointed counsel to file any necessary postsentencing motion pursuant to rule 3.800(b)." Id. at 309.
[5] The pro se motion to withdraw, which according to Padgett was a form order obtained from the library at the county jail, contained the following statement: "Counsel's assistance has been waived and discharged by separate motion." No motion waiving counsel and no order discharging counsel is contained in the record. In his pro se brief, Padgett states that he never filed such a motion since he "didn't understand what it meant."
[6] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[7] For the same reasons that Padgett was entitled to appointment of counsel for his rule 3.170(l) motion, he was also entitled to appointment of counsel in this appeal, which he filed pro se.