819 So.2d 891 (2002)
William WOFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-435.
District Court of Appeal of Florida, First District.
June 17, 2002.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Douglas T. Squire, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, C.J.
The appellant challenges the denial of his motion to withdraw a plea, with the motion being timely and properly made under Florida Rule of Criminal Procedure 3.170(l). This pro se motion was filed after the court discharged the appellant's appointed counsel subsequent to sentencing. Because the appellant was unrepresented and it does not appear that any offer of counsel was made by the court at this critical stage in the proceeding, the order denying the motion to withdraw the plea must be reversed and the case remanded so as to effectuate the appellant's right to counsel. See Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999) ("The primary issue presented in this appeal concerns whether an indigent defendant has the right to court-appointed counsel to assist in filing a motion to withdraw plea after sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(l). We answer the question in the affirmative and remand for the appointment of counsel."). Because the appellant has indicated his desire to avail himself of the rule 3.170(l) procedure, the trial judge upon remand *892 shall appoint counsel to advise and assist the appellant in this regard.
The dissent conducts what appears to be a harmless error analysis. As Padgett and numerous other decisions point out, however, denial of the Sixth Amendment right to counsel is per se reversible error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Lee v. State, 690 So.2d 664 (Fla. 1st DCA 1997).
The appealed order is reversed and the case is remanded.
WEBSTER, J., concurs; MINER, J., dissents with written opinion.
MINER, J., dissenting with opinion.
Citing Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999), as authority[1], the majority opinion reverses the trial court's order summarily denying appellant's pro se motion to withdraw his previously offered and accepted plea to the offense of burglary of a dwelling. On the facts there presented, I have no quarrel with the holding in Padgett, but I believe it to be inapplicable to the facts of the case at hand and, accordingly, dissent.
The operative facts of this case can be summarized as follows: On March 10, 2000, the State filed an amended information against appellant charging, inter alia, burglary of a dwelling. On August 14, 2000, appellant, represented by counsel, pled guilty to this offense, "straight up," i.e., with no agreement as to sentence.
On September 19, 2000, the trial court imposed on appellant an habitual offender sentence of 25 years in prison with credit for 281 days jail-time served prior to sentence. On September 21, 2000, appellant's court appointed counsel, Ms. Johnson, moved to be discharged as appellant's attorney and for fees for services rendered, which motion was granted that same day.
On September 27, 2000, appellant filed a pro se hand-written motion to withdraw his previously entered plea, alleging that Ms. Johnson misled and coerced him into entering his earlier guilty plea. According to appellant she "told him if he plead [sic] guilty to the court he would recieve [sic] between 10 to 15 years but would recieve [sic] 30 years if he went to trial." He further asserted that he "would have never made his plea if he was not mislead [sic] by his lawyer."
On October 13, 2000, the trial court, after reviewing the plea colloquy engaged in between the court and appellant at the plea hearing, summarily denied appellant's motion, finding his allegations to be "completely belied by his sworn testimony to the courtthat no one had promised him any specific sentence and the sentence would be left completely up to the court; defendant further testified that he was well aware that he could be sentenced to up to thirty (30) years of incarceration as an habitual offender."[2] With the trial *893 court's denial of his motion, appellant, through other counsel, timely filed the instant appeal.
In his brief on appeal appellant argues that the trial court erred in denying his motion to withdraw his plea in that the plea colloquy alluded to above "failed to conclusively rebut appellant's motion." Appellant finds further fault with the trial court for both failing to hold an evidentiary hearing on appellant's motion and in failing to require defense counsel to testify. Lastly, according to appellant, the court should have appointed conflict-free counsel for a hearing on his motion.
It seems to me that if ever there was a case where a plea colloquy conclusively refuted a defendant's claim of sentence promise or coercion by counsel to enter a plea, it is clear beyond peradventure that the plea colloquy below does in fact conclusively rebut the contentions in appellant's *894 motion to withdraw his plea. I am unaware that due process or any statute, case, or rule requires, under such circumstances, that any hearing, evidentiary or otherwise, must be held on allegations in such a motion. The dicta in Padgett v. State that defendants wishing to withdraw a plea should be allowed the "guiding hand of counsel" in preparing the initial motion to withdraw the plea seems to impose upon the sentencing judge a duty to advise the defendant not only that he/she has the right to counsel to assist in filing an appeal, but also to file a motion on defendant's behalf to withdraw his/her previously entered plea. Were there the "guiding hand of counsel" in this case other than to correct spelling and grammatical errors, it is unclear to me what that hand would have done to better express appellant's complaints than did appellant himself.
By reversing and remanding with a cite to Padgett, presumably the majority sees some similarity between the facts of the two cases that I must confess escape my grasp. Were I on the successful end of the majority's reversal and remand, I would contend that it requires a hearing at which appellant is represented by conflict-free counsel. Yet, the opinion does not expressly require a hearing. The opinion also fails to address the trial court's finding that appellant's allegations regarding a promise made and coercion applied are conclusively belied by the record. In short, it appears to me that without addressing the trial court's factual findings, the majority is implicitly requiring a hearing to be held at which the defendant is entitled to be represented by conflict-free counsel. Were I on the losing side in this appeal or the trial court, I would hope for some guidance that the majority opinion does not give. I fear that such opinion will lead us to a thicket without showing us a way through.
To send this case back to the trial court to appoint conflict-free counsel simply to recast what appellant has already alleged seems to me to be both wholly unwarranted and wasteful of public money.
NOTES
[1] In Padgett, the trial court held an evidentiary hearing on defendant's pro-se motion to withdraw his plea. The defendant was unrepresented at such hearing. At the conclusion of the hearing, the trial court denied defendant's motion and advised him that he had 30 days within which to appeal the court's ruling and directed that he file a pro-se appeal if he wanted to appeal. The court expressly declined to appoint counsel to represent defendant in any appeal. The 4th District reversed and remanded for the appointment of conflict-free counsel to represent defendant in a new hearing on the allegations that the plea was coerced by counsel.
[2] During the plea colloquy, the following operative exchange between the court and appellant transpired:

THE COURT: You're William Wofford?
THE DEFENDANT: Yes, sir.
THE COURT: How old are you?
THE DEFENDANT: 37, sir.
THE COURT: 37. Your case was set today for jury selection, trial this week. You heard announcement of your attorney your count VI, that is, burglary of a dwelling, you wish to enter a plea of guilty straight up?
THE DEFENDANT: Yes, sir.
THE COURT: That is a second degree felony, punishable by maximum of 15, HO notice I suppose to get up to maximum of 30.
MISS AGENT: Yes, sir.
THE COURT: Understand you could receive sentence up to 30 years?
THE DEFENDANT: Yes, sir.
THE COURT: I know you don't want 30 years but you understand after I get a P.S.I., I may determine that's the appropriate sentence?
THE DEFENDANT: Yes, sir.
THE COURT: I don't have any idea what kind of sentence I will impose at this time, you understand?
THE DEFENDANT: Yes, sir.
THE COURT: So you're at this time understanding you could receive sentence up to 30 years?
THE DEFENDANT: Yes, sir.
THE COURT: You still wish to plead guilty?
THE DEFENDANT: Yes, sir.
THE COURT: Have you had sufficient time to speak with your attorney, Miss Johnson? Obviously she's the most recent attorney, you've had others.
THE DEFENDANT: Yes, sir.
THE COURT: Well you're satisfied with her representation?
THE DEFENDANT: Yes, sir, she's been real good.
THE COURT: You wish any more time to talk with her?
THE DEFENDANT: No, sir.
THE COURT: You understand by pleading guilty now you waive all defenses, you waive your right to appeal any pre-trial motion, any defenses you would have regarding alibi, you didn't do it, identity, duress, consent. This a burglary, consent would be a defense, they invited you in or whatever, you had permission, insanity, incompetency, necessity, any kind of legal defense you have by pleading guilty you waive those defenses, you understand?
THE DEFENDANT: Yes, sir.
THE COURT: You still wish to plead guilty?
THE DEFENDANT: Yes, sir.
THE COURT: No one made any promises as to what sentence would be imposed?
THE DEFENDANT: No, sir.
THE COURT: Obviously by pleading guilty you understand you give up your right to have a trial before Judge and jury?
THE DEFENDANT: Yes, sir.
THE COURT: And at the trial you could subpoena through your witnessthrough your attorney call witnesses to testify in your defense, also through your attorney confront and cross examine all the witnesses the State of Florida would have to call to prove the charges beyond a reasonable doubt, you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: If you were to go to trial you would have the right to testify in your defense, although no one could force you to testify, you understand?
THE DEFENDANT: Yes, sir.
THE COURT: Need any more time to talk to your attorney?
THE DEFENDANT: No, sir.
THE COURT: No one promised you any leniency or better treatment or sentence other than the fact the State has agreed to dismiss these other charges?
THE DEFENDANT: No, sir.