925 So.2d 383 (2006)
Andre KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-274.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Rehearing Denied May 8, 2006.
*384 Emmanuel L. Simon, Lauderhill, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Andre Kelly was charged with two counts of robbery with a firearm and two counts of kidnapping while armed with a weapon. On May 3, 2004, Kelly entered a guilty plea as to all four charges. His plea was open to the court. The trial court conducted a thorough plea colloquy with Kelly prior to accepting his plea. At the end of the plea hearing, the trial court deferred sentencing Kelly and ordered a presentence investigation to be completed.
Approximately four months later, on September 9, 2004, another hearing was held, at which time Kelly told the trial court that he wanted to withdraw his plea because he felt he was coerced into pleading guilty when, in fact, he wanted to have a jury trial. Kelly maintained that he was coerced by his counsel and that he wanted to discharge him. The following colloquy occurred:
THE COURT: Mr. Kelly, for the record, the Court accepted your open plea on May 3rd, year 2004, and Mr. Melnick represents you privately retained by you, you did testify in the trial of your codefendants this week, and the only matter that was left in this case and that is left in this case at this point is the sentencing in your case.
Question is, you have told your attorney that you want to go ahead and withdraw your plea at this time?
THE DEFENDANT: Yes, ma'am.
THE COURT: What are the grounds? Why do you want to withdraw your plea?
THE DEFENDANT: Because I feel like I was coerced into doing something. I wanted to take it to trial all along, but I was coerced into somehow not taking it to trial and taking a plea.
THE COURT: You were coerced by Mr. Melnick? Is that who you're maintaining coerced you?
THE DEFENDANT: Yes.
THE COURT: You want to fire Mr. Melnick at this time? Because I didn't appoint him.
THE DEFENDANT: Yes.

*385 THE COURT: You want to fire him?
The procedure will be as follows: Mr. Melnick has been discharged by his client and the Court is going to go ahead and accept that, because eventually the bottom line is that the Court is going to have to look at the transcript of the plea colloquy.
. . . .
What happens then when I receive the change of plea, you're representing yourself at this point. And since there's nothing before the Court, I'm not going to appoint an attorney at this point because there's nothing before the Court. So you're going to have to put the reasons for your motion to vacate in writing.
How long do you think this is going to take you?
THE DEFENDANT: I'm going to do it as soon as I go back.
THE COURT: Okay. As soon as the Court receives your motion to vacate plea and the Court has an opportunity to review the transcript, the Court will make a determination as to whether the transcript and the record refutes your allegations. And if they're not refuted by the record, then the Court might have to be  have to have an evidentiary hearing, at which point the Court, if you cannot afford an attorney, will appoint an attorney to represent you. But those are the steps.
You're going to have to put in writing your motion and request. Understand something, Mr. Kelly, I don't give you advice or anything like that, but you testified and everything you said can and will be used against you by the State Attorney's Office if you decide to go to trial. None of the stuff that you said is protected in any way whatsoever. Ms. Tate can use it against you in any trial that you go forward with. And that's something for you to think about if that's what you want to do. And I'll have my JA calendar in a period of 10 days. If I have not received your motion, then I'll go ahead and set a status to see if you have changed your mind. But that's what you're facing. You understand that?
THE DEFENDANT: Yes.
On the same day as this hearing, the trial court entered an order declaring Kelly indigent, but did not appoint counsel to represent Kelly in the preparation of his motion to withdraw his plea. In fact, without making any inquiry concerning Kelly's self-representation, the trial court directed Kelly to prepare his own motion to withdraw his plea.
Subsequent to this hearing, Kelly sent a handwritten one-page letter to the court seeking to withdraw his plea for several reasons, one of which was that he had been coerced by his counsel to enter into the plea. The trial court ordered the state to file a written response to Kelly's motion to withdraw and on December 7, 2004, the trial court summarily denied Kelly's motion to withdraw his plea. Thereafter, the trial court appointed counsel for the purpose of representing Kelly at his sentencing hearing, which occurred on December 10, 2004. The trial court sentenced Kelly on all four counts to thirty years in prison to run concurrently.
Kelly asserts that he was denied his right to counsel at the time that he was required to file his motion to withdraw his plea because seeking to withdraw a plea prior to sentencing is a critical stage of the criminal proceedings. We agree and reverse.
This court has held in Roberts v. State, 670 So.2d 1042, 1045 (Fla. 4th DCA 1996), that a request to withdraw a plea before sentencing pursuant to Florida Rule of *386 Criminal Procedure 3.170(f) is a critical stage of a criminal proceeding requiring effective assistance of counsel. We have also held in Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999), that a request to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l) is a critical stage of a criminal proceeding requiring effective assistance of counsel.
The state argues that because Kelly was merely directed to draft his own motion to withdraw and no hearing was scheduled that this is not a critical stage of a criminal proceeding and therefore Kelly was not required to have assistance of counsel. It is the state's position that only when the court sets the motion to withdraw for an evidentiary hearing does a critical stage exist. We reject this argument and note as Judge Stevenson observed in Padgett:
[a] defendant's right to effective assistance of counsel in the appeal of the issues which were presented in, and preserved by, the filing of a rule 3.170(l) motion would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.
Padgett, 743 So.2d at 73.
As in both Roberts and Padgett, the conflict between Kelly and his counsel arose from Kelly's assertion of coercion by his counsel. The trial court in this case failed to even inquire whether Kelly desired to have the assistance of counsel at this critical stage of the proceedings. To then declare Kelly indigent and direct Kelly to represent himself in filing the motion to withdraw was error requiring reversal. We therefore reverse the conviction and remand to the trial court to appoint conflict-free counsel to represent Kelly in the drafting of a motion to withdraw his plea. Because we are directing the trial court to afford Kelly counsel for the drafting of his motion to withdraw his plea, we decline to address the merits of Kelly's pro se motion to withdraw his plea. Upon the filing of the motion to withdraw, the trial court should then proceed to determine whether the state should respond and thereafter determine whether to summarily deny the motion to withdraw or hold an evidentiary hearing.
Reversed and Remanded For Proceedings Consistent With This Opinion.
WARNER and KLEIN, JJ., concur.