959 So.2d 1254 (2007)
Michael E. SCHRIBER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2183.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
Rehearing Denied August 20, 2007.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Michael E. Schriber appeals the trial court's summary denial of his motion to withdraw his plea after sentencing. The issue presented in this appeal is whether the trial court erred in summarily denying Schriber's motion to withdraw the plea after sentencing without appointing conflict-free counsel after Schriber alleged that his prior counsel led him to enter a guilty plea involuntarily.
On July 6, 2004, Schriber pleaded guilty to grand theft and was sentenced to five years in state prison. On July 12, 2004, Schriber filed a handwritten pro se motion to withdraw his plea, alleging that his trial counsel provided misadvice and ineffective assistance in that his counsel failed to bring to the trial court's attention the fact that Schriber suffered from a mental disorder that required specialized treatment. The trial court treated Schriber's motion to withdraw his plea as a motion for post-conviction relief and ordered the state to respond. The state responded by urging the trial court to deny the motion because it was unsworn.[1] The trial court subsequently *1256 denied Schriber's motion to withdraw his plea based on the fact that his motion was unsworn. Thereafter, Schriber filed a pro se notice of appeal to this court.
This court reversed the trial court's order denying Schriber's motion and remanded the case to the trial court to consider Schriber's motion as a motion to withdraw his plea in accordance with Florida Rule of Criminal Procedure 3.170(l) rather than a motion for post-conviction relief. See Schriber v. State, 924 So.2d 904 (Fla. 4th DCA 2006). Thereafter, upon remand, the trial court, without appointing conflict-free counsel, issued a summary order denying Schriber's motion to withdraw his plea which is now the subject of this appeal.
"The standard of review of a trial court's denial of a motion to withdraw plea is abuse of discretion." Woodly v. State, 937 So.2d 193, 196 (Fla. 4th DCA 2006). "Where a defendant files a facially sufficient motion to withdraw his plea, he is entitled to an evidentiary hearing on the issue unless the record conclusively refutes his allegations." Id.
Schriber argues that because a motion to withdraw is a critical stage of the proceedings, he was entitled to counsel to assist him in drafting his motion to withdraw. We agree.
In Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999), this court held:
A defendant's right to effective assistance of counsel in the appeal of the issues which were presented in, and preserved by, the filing of a rule 3.170(l) motion would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.3 To hold to the contrary would be to carve out of a defendant's right to counsel that thirty-day window between the rendition of sentence and the taking of an appeal  the very period during which the defendant may raise issues under rule 3.170(l) which would be cognizable during the direct appeal. Thus, we conclude that a motion filed pursuant to rule 3.170(l) does not amount to a collateral attack upon the conviction, but rather is a critical stage in the direct criminal proceeding against the defendant at which the accused must be entitled to effective assistance of counsel.
FN3 This court has already found that a motion to withdraw a plea filed prior to sentencing under rule 3.170(f) to be a critical stage in the proceeding against the defendant at which effective assistance of counsel must be provided. See Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996).
Id. at 73 (footnote omitted).
Rule 3.170(l) provides for a motion to withdraw the plea within thirty days after sentencing, but the motion may only be made upon grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)a-e. The only ground applicable to the instant case is if appellant's plea was involuntary. Fla. R.App. P. 9.140(b)(2)(A)(ii)c.
In addition to this court's decision in Padgett, other district courts have specifically held that a defendant is entitled to court-appointed counsel to advise and assist him in preparing his rule 3.170(l) motion to withdraw his plea. See Mosley v. State, 932 So.2d 1239 (Fla. 1st DCA 2006); Banks v. State, 927 So.2d 169 (Fla. 1st DCA 2006); Norman v. State, 897 So.2d 553 (Fla. 1st DCA 2005); Smith v. State, 849 So.2d 485 (Fla. 2d DCA 2003); Meeks v. State, 841 So.2d 648 (Fla. 2d DCA 2003); Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002).
The state argues that the trial court did not need to appoint conflict-free counsel *1257 because the motion was insufficient or conclusively refuted by the record. For support of this proposition the state cites to this court's decision in Williams v. State, 919 So.2d 645 (Fla. 4th DCA 2006). However, Williams is distinguishable from the instant case in that Williams's original attorney drew up and filed the motion to withdraw the plea which was found to be insufficient.
As we noted in Padgett, the thirty-day window provided in rule 3.170(l) is a critical stage of the criminal proceedings and it would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea. Providing a defendant with conflict-free counsel however does not necessarily require the trial court to conduct an evidentiary hearing. See Kelly v. State, 925 So.2d 383 (Fla. 4th DCA 2006) (upon the appointment of conflict-free counsel and the filing of the motion to withdraw, the trial court should then proceed to determine whether the state should respond and thereafter determine whether to summarily deny the motion to withdraw or hold an evidentiary hearing).
We therefore reverse and remand and direct the trial court to appoint conflict-free counsel to assist Schriber in drafting a motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170(l) and direct the trial court to proceed to determine whether the state should respond and thereafter determine whether to summarily deny the motion to withdraw or to hold an evidentiary hearing.
Reversed and Remanded with Directions.
WARNER and KLEIN, JJ., concur.
NOTES
[1] A post-conviction relief motion pursuant to Florida Rule of Criminal Procedure 3.850 must be made under oath.