994 So.2d 491 (2008)
Jerry CAMON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-115.
District Court of Appeal of Florida, Third District.
November 12, 2008.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellee.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.

ON MOTION FOR REHEARING
SUAREZ, J.
We grant the State's motion for rehearing, withdraw our prior opinion dated April 30, 2008, and substitute the following in its place:
Jerry Camon seeks to reverse the trial court's summary denial of his motion to withdraw his plea and for appointment of counsel. We reverse, as Camon was entitled to the appointment of counsel.
After rejecting initial plea offers by the State, Camon participated in the plea colloquy and entered pleas in three cases. After sentencing, Camon filed a timely pro se motion to withdraw his pleas pursuant to Florida Rule of Criminal Procedure 3.170(l), alleging coercion by his attorney in the plea process. The court summarily denied that motion and Camon did not appeal. Camon later filed an "amended" rule 3.170(l) motion to withdraw his pleas, a motion to appoint counsel, and a motion for evidentiary hearing, for the same reasons as before and adding claims of vindictive sentencing. The trial court denied the motion to withdraw as insufficient, citing to the plea colloquy. The clerk then advised the judge that there was also a motion to appoint counsel to advise Camon on the rule 3.170(l) motion. The court denied the motion and Camon appeals.
A post-sentence motion to withdraw a plea pursuant to rule 3.170(l) is a critical stage of criminal proceedings.[1] The parties *492 maintain that Camon was not represented by counsel at the time he filed his motion to withdraw the plea. At that point, the trial court was obligated to appoint counsel to advise Camon further.[2] We reverse and remand, directing the trial court to appoint counsel to represent Camon in the preparation of a rule 3.170(l) motion to withdraw his plea.
Reversed and remanded with directions.
NOTES
[1] See Searcy v. State, 971 So.2d 1008 (Fla. 3d DCA 2008); accord Schriber v. State, 959 So.2d 1254, 1256 (Fla. 4th DCA 2007).
[2] See Schriber, 959 So.2d at 1254; Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999).