994 So.2d 1252 (2008)
Angel Andy GUZMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4303.
District Court of Appeal of Florida, Fourth District.
November 26, 2008.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Angel Andy Guzman appeals the trial court's summary denial of his motion to withdraw the plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l). In that motion, after alleging that his plea was involuntary because of his trial counsel's misadvice, Guzman requested that the court appoint conflict-free *1253 counsel. The court summarily denied his motion without appointing conflict-free counsel.
In Schriber v. State, this court held that a defendant is entitled to the appointment of counsel to advise and assist him in preparing a rule 3.170(l) motion to withdraw the plea. 959 So.2d 1254, 1257 (Fla. 4th DCA 2007). Moreover, "the thirty-day window provided in rule 3.170(l) is a critical stage of the criminal proceedings and it would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea." Id. (citing Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999)). Accordingly, the trial court erred in summarily denying Guzman's motion to withdraw the plea without first appointing conflict-free counsel to advise and assist Guzman in that motion. We reverse and remand, directing the trial court to appoint conflict-free counsel. The trial court may then determine whether to summarily deny the motion or to hold an evidentiary hearing.
Reversed and Remanded.
FARMER, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur in the result because of prior precedent, but as I said in concurring in Williams v. State, 959 So.2d 830 (Fla. 4th DCA 2007), I believe that Florida Rule of Criminal Procedure 3.170(l) is not a critical stage of the proceedings. The rule should be eliminated, as the defendant always has relief available under Florida Rule of Criminal Procedure 3.850.