CASANUEVA, Chief Judge.
 

 Fidensio Gallegos appeals the denial of his postsentence motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 8.170(l). Because the trial court failed to sufficiently ensure that Mr. Gallegos’s pleas were knowing and voluntary, we reverse the denial of the motion to withdraw plea.
 

 Mr. Gallegos pleaded open to a number of second- and third-degree felonies and one misdemeanor, all spread across two case numbers. The following transpired as part of the plea colloquy:
 

 THE COURT: I have two plea forms in front of me. One of them is 09-6570, which states you’re pleading guilty to grand theft of a motor vehicle, punishable by up to five years in prison; driving with a suspended license, punishable by up to five years in prison; fleeing and attempting to allude [sic] the police,[
 
 1
 
 ] punishable for up to fifteen years in prison; felon in possession of a firearm, punishable for up to five years in prison.[
 
 2
 
 ] Does that carry a three year minimum?
 

 [DEFENSE]: Not a possession, Judge.
 

 THE COURT: Okay. And possession of drug paraphernalia, punishable for up to one year in the county jail. Do you understand that?
 

 MR. GALLEGOS: Yes, sir.
 

 THE COURT: And in a separate case, 08-15691, you’re charged with ... fleeing to allude [sic] the police, punishable for up to five years in prison; driving with a suspended licence [sic], punishable by up to five years in prison. Do you understand that?
 

 MR.GALLEGOS: Yes, sir.
 

 [[Image here]]
 

 THE COURT: Have you noticed him as a violent career criminal?
 

 [STATE]: Yes, sir. And the State has also noticed him as a habitual felony offender.
 

 THE COURT: Do you understand that pursuant to those statutes, if I find that you qualify, I can enhance your sentences in this particular matter?
 

 MR. GALLEGOS: Yes, sir.
 

 THE COURT: Also — are you sure of that?
 

 MR. GALLEGOS: Yes, sir.
 

 The trial court then accepted the pleas and sentencing was postponed to a later date.
 

 At the sentencing hearing, the trial court found that Mr. Gallegos qualified for habitual felony offender (HFO) sentences.
 
 *1238
 

 See
 
 § 775.084(4)(a)(3), Fla. Stat. (2008). In case number 08-15691, the trial court sentenced him as an HFO on both third-degree felony charges, increasing each sentence from five years’ incarceration to ten, concurrent.
 
 See
 
 § 775.082(3)(d) (stating that third-degree felonies are typically punishable by up to five years in prison). And the trial court did the same in case number 09-6570, sentencing Mr. Gallegos to ten-year terms as an HFO on the first two counts, both third-degree felonies.
 

 After
 
 sentencing, Mr. Gallegos filed his motion to withdraw plea. One of his arguments in that motion was that his plea was not voluntary because the trial court failed to discuss the maximum penalties associated with violent career criminal or habitual felony offender sentences. The trial court held a hearing without Mr. Gallegos’s presence. Instead, the trial court accepted the representations of Mr. Gallegos’s attorney as to what Mr. Gallegos would have stated if he had testified at the hearing. Mr. Gallegos would have testified that, at the time he tendered his pleas, he did not understand the trial court could enhance his sentences so that they were greater than the maximum numbers the court had identified during the plea colloquy. The trial court responded that it did tell Mr. Gallegos it could enhance his sentences; it just did not tell him how much the enhancement could be. Defense counsel argued:
 

 There was no definition of the enhancement. Exactly, Judge; there wás no definition of what that was. What’s the enhancement? I mean, he didn’t know that the sentence could be, in effect, doubled, which is what happened on the [third-degree felonies].
 

 The trial court denied the motion on all grounds.
 

 One basis for withdrawal of a plea after sentencing is that the plea was not entered voluntarily.
 
 See
 
 Fla. R. Crim. P. 3.170(i); Fla. R. App. P. 9.140(b)(2)(A)(ii)(c). “Before accepting a plea of guilty or nolo contendere, the trial judge shall determine that the plea is voluntarily entered.... ” Fla. R. Crim. P. 3.172(a). To make this determination, the trial court must ensure that the defendant understands the maximum possible penalty for the charges to which the defendant seeks to enter a plea.
 
 See
 
 Fla. R. Crim. P. 3.172(c).
 

 Before accepting his pleas, the trial court did no more than tell Mr. Gallegos that it could potentially enhance his sentences under the habitual felony offender and violent career criminal statutes. We hold that this warning, standing alone, did not ensure that Mr. Gallegos understood he was facing ten-year sentences on third-degree felonies, especially because the trial court had just told him that those same offenses were punishable by up to five years in prison. Therefore, the trial court abused its discretion by denying Mr. Gallegos’s subsequent motion to withdraw plea.
 
 See Schriber v. State,
 
 959 So.2d 1254, 1256 (Fla. 4th DCA 2007) (applying an abuse of discretion standard to the denial of a motion to withdraw plea). Accordingly, we reverse and remand with directions to permit Mr. Gallegos to withdraw his pleas.
 

 Reversed and remanded with instructions and for further proceedings.
 

 VILLANTI and LaROSE, JJ., Concur.
 

 [1]
 

 . This particular offense was charged as fleeing or attempting to elude at high speed which is a second-degree felony.
 
 See
 
 § 316.1935(3)(a), Fla. Stat. (2008).
 

 [2]
 

 . Felon in possession of a firearm is actually a second-degree felony punishable by up to fifteen years in prison or more depending upon possible enhancements.
 
 See
 
 §§ 775.082(3)(c), 790.23(3), Fla. Stat. (2008). Although Mr. Gallegos raises the trial court's misstatement as a basis for relief in his brief, he did not preserve it for our review because he did not raise it in his motion before the trial court.