PER CURIAM.
We affirm the trial court’s order denying appellant’s untimely postconviction motion. The order referred appellant to prison officials for disciplinary proceedings for having filed a frivolous collateral criminal proceeding. § 944.279(1), Fla. Stat. (2011). The untimely motion raised, in the trial court’s words, many “vacuous, pseudo-legal arguments.” We agree entirely with the trial court’s assessment, and because this appeal is likewise devoid of any arguable merit, we refer appellant to prison officials for disciplinary proceedings.
In 2005, a jury convicted appellant of attempted sexual battery on a child under twelve. This court affirmed this conviction on appeal, but found that a lewd and lascivious conduct conviction violated double jeopardy and remanded the case for resen-tencing. Leyva v. State, 925 So.2d 393 (Fla. 4th DCA 2006), opinion corrected on denial of rehearing, 929 So.2d 1210 (Fla. 4th DCA 2006). This court affirmed following resentencing. Leyva v. State, 975 So.2d 1151 (Fla. 4th DCA 2008) (mandate issued March 24, 2008).
In July 2011, appellant filed this untimely postconviction motion. Fla. R.Crim. P. 3.850(b). The motion raised many nonsensical arguments and claimed that his sentence was “void” and a “fraud.” For example, he contends that he was charged with violating revenue laws and that his case should have been submitted for arbitration under the Uniform Arbitration Act. He contends that he was denied his Seventh Amendment right to a civil trial and that he could not be charged because the victim did not bring a civil case against him first. He contends that he was charged with criminal contempt, not a felony, and complains that he was not given access to a Mexican consulate.[1]
The trial court properly denied this motion as untimely and referred appellant to prison officials for having filed a frivolous and/or malicious collateral criminal proceeding. The court recommended that all gain time be forfeited.
On appeal, appellant argues that his claims are “well-founded” on both state and federal law. He complains that his motion was filed under Florida Rule of Civil Procedure 1.540 and that the court should not have treated it as a Rule 3.850 motion. Finally, he contends that his motion was not frivolous because an “attempt” is a violation of revenue laws.
The motion, and this appeal, are devoid of arguable merit and frivolous. Prisoners who file frivolous collateral proceedings such as these seriously impact the court system’s ability to redress valid claims. The trial court acted appropriately and within its discretion in referring appellant to prison officials under section 944.279(1), Florida Statutes.
Frivolous filings should be sanctioned in some form, whether by the court or referral to prison officials under section 944.279(1). Only when sanctions for frivolous filing are virtually automatic will prisoners “stop and think” before inundating the courts with frivolous pleadings. See *572 Spencer v. Fla. Dep’t of Corr., 823 So.2d 752, 756 (Fla.2002).
We are aware that, in some circumstances, the party referred to prison officials claims not to have prepared the frivolous filing. See Marc v. State, 46 So.3d 1045 (Fla. 4th DCA 2010), rev. denied, 59 So.3d 108 (Fla.2011). While this generally would not excuse the movant’s frivolous filing, as he or she is ultimately responsible for what is presented to the court, we believe that section 944.279 authorizes prison officials to investigate and impose sanctions on prisoners who prepare frivolous filings on behalf of others.
Accordingly, we direct the Clerk of this court to forward a certified copy of this opinion to the appropriate facility for disciplinary proceedings.

Affirmed. Appellant referred for disciplinary proceedings.

MAY, C.J., GROSS and GERBER, JJ., concur.

. A claim alleging a violation of the Vienna Convention cannot be raised in a postconviction motion. Lugo v. State, 2 So.3d 1, 17 (Fla.2008). In any event, appellant did not establish a violation or resulting prejudice.