DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGEL GUZMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2940

[January 7, 2015]

Appeal order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 04-005396CF10B.

Angel Guzman, Perry, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. He claims that his twenty-year sentence for his violation of his youthful offender probation is illegal because the sentence exceeds the six-year cap for a "technical or nonsubstantive violation" as stated in section 958.14, Florida Statutes (2003).

We have reviewed our records for the defendant's direct appeal in case number 4D07-4303. *Guzman v. State*, 994 So. 2d 1252, 1253 (Fla. 4th DCA 2008) (reversing the summary denial of a motion to withdraw plea after sentencing). The defendant admitted the violations of probation which included, among other things, his commission of a murder in an unrelated case. Thus, the violation clearly was "substantive." Moreover, in his plea agreement admitting to the violations, he acknowledged that he was facing up to sixty years in prison for the two counts in this case. In sum, the defendant's claim in this rule 3.800 motion and appeal is frivolous.

We caution the defendant that further filing of frivolous or false claims may result in sanctions and referral to prison officials for disciplinary proceedings. *Oquendo v. State*, 2 So. 3d 1001, 1006 (Fla. 4th DCA 2008); *Leyva v. State*, 127 So. 3d 570, 572 (Fla. 4th DCA 2012); *Johnson v. State*, 44 So. 3d 198, 201 (Fla. 4th DCA 2010).

*Affirmed.*

CIKLIN, GERBER and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***