DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2721

[November 8, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502011CF009513AXXXMB.

Thomas J. Butler of Thomas Butler, P.A., Miami Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant moved to withdraw his plea after sentencing. The trial court ordered an evidentiary hearing on the issue of whether his counsel misadvised him regarding the strength of his case. Nevertheless, the court refused to appoint counsel to represent him at the evidentiary hearing. On appeal from the denial of the motion to withdraw his plea, appellant argues that the failure to appoint counsel constituted fundamental error. Because the motion to withdraw a plea is a critical stage of the criminal proceedings, appellant was entitled to counsel. We therefore reverse and remand for a new hearing on the motion to withdraw.

Appellant pled guilty to burglary while armed with a firearm, robbery with a firearm, and felon in possession of firearm or ammunition. For burglary with a firearm and robbery with a firearm, the court sentenced him to fifteen-year concurrent sentences as a Prison Release Reoffender, and, for the charge of felon in possession of a firearm, to a three-year concurrent sentence, the mandatory minimum.

Within thirty days of the sentence, appellant filed a motion to withdraw his plea and an amended motion. In the motion, he alleged that his counsel had coerced him and his family to accept the plea, telling them that he would receive a life sentence if he did not accept. He also alleged that counsel had not informed him of favorable evidence – the DNA found on the gun retrieved at the scene of the burglary did not contain his DNA. The court denied an evidentiary hearing on the issue of whether Jones's attorney coerced him into accepting the plea, finding that the plea colloquy, where appellant testified that no one had coerced him to accept the plea, conclusively refuted appellant's new allegations. It granted an evidentiary hearing, however, on the second issue, namely whether his counsel misadvised him by failing to inform him of an available defense, as well as failing to tell him about the report that showed the DNA results from the gun involved in the incident were inconclusive.

Appellant requested that counsel be appointed to represent him, but both the prosecutor and the court thought that appointment of counsel was discretionary. The court denied appointment, believing that the issues were not complex. The court conducted the evidentiary hearing, and based upon the testimony, denied the motion to withdraw. Appellant now appeals this decision, claiming that the court denied him his right to counsel.

It is well established that a motion to withdraw a plea pursuant to Florida Rule of Criminal Procedure 3.170(l) is a critical stage of the criminal proceedings, entitling the defendant to his Sixth Amendment right to counsel. *See Padgett v. State*, 743 So. 2d 70, 72 (Fla. 4th DCA 1999); *see also Bienaime v. State*, 971 So. 2d 278 (Fla. 4th DCA 2008); *Schriber v. State*, 959 So. 2d 1254, 1256 (Fla. 4th DCA 2007); *Kelly v. State*, 925 So. 2d 383, 386 (Fla. 4th DCA 2006); *Roblero v. State*, 843 So. 2d 984 (Fla. 4th DCA 2003). Other courts are in agreement that a defendant is entitled to counsel for a motion to withdraw a plea pursuant to Rule 3.170(l). *See Mosley v. State*, 932 So. 2d 1239 (Fla. 1st DCA 2006); *Banks v. State*, 927 So. 2d 169 (Fla. 1st DCA 2006); *Norman v. State*, 897 So. 2d 553 (Fla. 1st DCA 2005); *Smith v. State*, 849 So. 2d 485, 486-87 (Fla. 2d DCA 2003); *Meeks v. State*, 841 So. 2d 648 (Fla. 2d DCA 2003); *Wofford v. State*, 819 So. 2d 891 (Fla. 1st DCA 2002).

In *Sheppard v. State*, 17 So. 3d 275, 287 (Fla. 2009), the court set forth the procedure to follow when a pro se defendant moves to withdraw his plea under the rule and alleges a ground that would create an adversarial relationship with current counsel, "such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea."

2

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant. (footnote omitted.)

*Id.* In this case, the trial court failed to conduct such a hearing, although the adversarial relationship appears obvious in that appellant claimed misadvice of counsel and counsel denied any misrepresentation or misadvice. Further, as the court concluded that an evidentiary hearing was necessary on one of the claims, the court established that the allegations in the motion were not conclusively refuted by the record. Defendant requested counsel to represent him, and the court, believing that this was a postconviction proceeding where the appointment of counsel was discretionary, erroneously denied counsel to appellant.

We reverse, because appellant was denied his Sixth Amendment right to counsel in these proceedings. *See Padgett*, 743 So. 2d at 72. We remand for a new hearing on the motion to withdraw the plea and for the court to appoint conflict-free counsel for appellant.

GROSS and TAYLOR, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**